## FOR PUBLICATION



FILED
Oct 16 2013, 5:31 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**NANCY A. McCASLIN**
McCaslin & McCaslin
Elkhart, Indiana

**BRIAN K. LAKEY**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW A. KOBE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

STEVEN R. OTT,                                  )
                                                )
    Appellant-Defendant,                       )
                                                )
       vs.                                  )       No. 20A05-1306-CR-270
                                                )
STATE OF INDIANA,                               )
                                                )
    Appellee-Plaintiff.                        )

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 766

**October 16, 2013**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Steven R. Ott appeals the denial of his motion to correct error following the trial court's order denying his "Verified Motion to Convert Class D Felony Conviction to a Class A Misdemeanor Pursuant to I.C. 35-50-2-7(c)." Appellant's Appendix at 39. Ott raises one issue which we revise and restate as whether the court erroneously denied his motion to correct error. We affirm.

FACTS AND PROCEDURAL HISTORY

In February 1975, the State charged Ott with delivering a controlled substance, LSD, on May 6, 1974, as a felony. On March 7, 1975, Ott pled not guilty. On April 1, 1977, Ott moved to withdraw his plea of not guilty and enter a plea of guilty to the lesser offense of possession of a controlled substance, and the court accepted Ott's plea. On May 16, 1977, the court sentenced Ott to five years with all but 350 days suspended and ordered that the Sheriff give Ott consideration for work release. An entry dated the day of sentencing in the chronological case summary states:

> The Court does now find that by reason of the facts and circumstances of this case that the interest of society does not demand or require that [Ott] shall suffer the full penalty imposed by law and the Court now suspends the execution of all of the sentence herein imposed upon [Ott] except for the first 350 days thereof and orders [Ott] confined to the Elkhart County Jail for a period of 350 days and further orders that [Ott] be given consideration by the Sheriff for work release.

Id. at 3. On January 23, 1978, the court entered a notice which authorized Ott's release from the work release program effective February 4, 1978, and ordered that Ott report to the probation department and be on probation for two years. On October 1, 1979, Ott was discharged from probation.

2

On April 15, 2013, Ott filed a "Verified Motion to Convert Class D Felony Conviction to a Class A Misdemeanor Pursuant to I.C. 35-50-2-7(c)." Id. at 39. On April 29, 2013, the court denied Ott's motion. The court's order states:

Court denies such Motion for the following reasons:

1.   Court lacks jurisdiction to modify [Ott's] sentence more than one (1) year after date of the original sentencing; and

2.   [Ott's] conviction was not for a class D felony. The designation of "Class D Felony" did not exist in Indiana before July 1, 1977. Moreover, [Ott] received a determinant [sic] sentence of five (5) years, which under the prior sentencing standards, which sentence is substantially in excess of the maximum sentence available for a class D felony.

The Court not only lacks jurisdiction to grant the relief requested by [Ott], [Ott] would not be entitled to the relief requested even if the Court had jurisdiction.

Id. at 41. On May 6, 2013, Ott filed a motion to correct error. On May 9, 2013, the court conceded that it had jurisdiction under Ind. Code § 35-50-2-7 to convert a class D felony conviction to a class A misdemeanor conviction but affirmed that Ott had not been convicted of a class D felony and thus the court lacked jurisdiction to grant the requested relief.

## DISCUSSION

The issue is whether the court erroneously denied Ott's motion to correct error. Generally, we review a trial court's denial of a motion to correct error for an abuse of discretion. Booher v. State, 773 N.E.2d 814, 817 (Ind. 2002). An abuse of discretion occurs when the trial court's ruling is clearly against the logic, facts, and circumstances

3

presented. Id. We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. Collins v. State, 822 N.E.2d 214, 218 (Ind. Ct. App. 2005), trans. denied.

Ott argues that he was sentenced approximately six weeks before the law designating classes of felonies went into effect. He contends that "[i]t would appear that the legislative intent, as evidenced by the language of the statute, was to make possession of LSD a class D felony." Appellant's Brief at 10. Ott states that "if he had been sentenced six weeks later his sentence would have ranged from six (6) months to three (3) years." Id. at 11. He suggests that the Indiana Supreme Court "appears not to have addressed the modification issue in relation to subsection (c)" in State v. Brunner, 947 N.E.2d 411, 416 (Ind. 2011), reh'g denied. Id. Ott also argues that while the Brunner Court cited Ind. Code § 35-38-1-1.5 to foreclose the defendant's opportunity for a reduction from a class D felony to a class A misdemeanor in that case, the statute is not applicable in the present case because "it was for post-2003 convictions and was effective until July 1, 2013." Id. at 12. He further contends that "the actions of the trial court, while not specifically indicating the sentence had been reduced to a Class A misdemeanor, did in essence reduce the conviction to that level." Id. at 13.

The State maintains that Ott does not qualify for misdemeanor modification under Ind. Code § 35-50-2-7 because he was not convicted of a class D felony. The State contends that the language of Ind. Code § 35-50-2-7 is unambiguous and that by its very language "only defendants who have been convicted of class D felonies may use the statute to procure relief." Appellee's Brief at 4. The State also alleges that "[t]he

4

legislature could have made a provision for defendants with unclassified felonies, but apparently it made the decision not to include those individuals within the reach of the statute." Id. at 5.

Ott's argument requires us to interpret Ind. Code § 35-50-2-7. When interpreting a statute, we independently review a statute's meaning and apply it to the facts of the case under review. State v. Evans, 810 N.E.2d 335, 337 (Ind. 2004), reh'g denied. "If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning." Id. If a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. Id. We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. Id. "The judicial function is to apply the laws as enacted by the legislature." Moore v. State, 949 N.E.2d 343, 345 (Ind. 2011).

At the time that Ott filed his "Verified Motion to Convert Class D Felony Conviction to a Class A Misdemeanor Pursuant to I.C. 35-50-2-7(c)" and motion to correct error, and at the time of the trial court's orders, Ind. Code § 35-50-2-7 provided in part:

> (a)    A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 1/2 ) years. In addition, the person may be fined not more than ten thousand dollars ($10,000).

> \* \* \* \* \*

> (c)    Notwithstanding subsection (a), the sentencing court may convert a Class D felony conviction to a Class A misdemeanor conviction if,

5

after receiving a verified petition as described in subsection (d) and after conducting a hearing of which the prosecuting attorney has been notified, the court makes the following findings:

(1) The person is not a sex or violent offender (as defined in IC 11-8-8-5).

(2) The person was not convicted of a Class D felony that resulted in bodily injury to another person.

(3) The person has not been convicted of perjury under IC 35-44.1-2-1 (or IC 35-44-2-1 before its repeal) or official misconduct under IC 35-44.1-1-1 (or IC 35-44-1-2 before its repeal).

(4) At least three (3) years have passed since the person:

(A) completed the person's sentence; and

(B) satisfied any other obligation imposed on the person as part of the sentence;

for the Class D felony.

(5) The person has not been convicted of a felony since the person:

(A) completed the person's sentence; and

(B) satisfied any other obligation imposed on the person as part of the sentence;

for the Class D felony.

(6) No criminal charges are pending against the person.

(d) A petition filed under subsection (c) must be verified and set forth:

(1) the crime the person has been convicted of;

(2) the date of the conviction;

(3) the date the person completed the person's sentence;

6

(4)     any obligations imposed on the person as part of the sentence;

(5)     the date the obligations were satisfied; and

(6)     a verified statement that there are no criminal charges pending against the person.

(e)     If a person whose Class D felony conviction has been converted to a Class A misdemeanor conviction under subsection (c) is convicted of a felony within five (5) years after the conversion under subsection (c), a prosecuting attorney may petition a court to convert the person's Class A misdemeanor conviction back to a Class D felony conviction.

(Subsequently amended by Pub. L. No. 159-2013, § 5 (eff. July 1, 2013); Pub. L. No. 158-2013, § 660 (eff. July 1, 2014)).  At the time that Ott filed his "Verified Motion to Convert Class D Felony Conviction to a Class A Misdemeanor Pursuant to I.C. 35-50-2-7(c)" and motion to correct error and at the time of the trial court's orders, Ind. Code § 35-50-2-1 defined "Class D felony conviction" as "a conviction of a Class D felony in Indiana and a conviction, in any other jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year." (Subsequently amended by Pub. L. No. 158-2013, § 652 (eff. July 1, 2014)).

Ott concedes that he was sentenced approximately six weeks before the law designating classes of felonies went into effect.  At the time that he was charged and sentenced, Ind. Code § 35-1-1-1 provided that "[a]ll crimes and public offenses which may be punished with death or imprisonment in the state prison shall be denominated felonies; and all other offenses against the criminal law shall be denominated misdemeanors."  At that time, Ind. Code § 35-24.1-2-4 defined LSD as a schedule I controlled substance, and Ind. Code § 35-24.1-4-1 provided that it was a felony to

7

possess a controlled substance and that a person "shall be imprisoned in the state prison for any determinate period of not less than two (2) years, nor more than ten (10) years."[1]

Beginning on July 1, 1977, and following Ott's conviction and sentence, Ind. Code §§ 35-48-4-6 and -7 made possession of schedule I controlled substances class D felonies. See Acts 1976, Pub. L. No. 148, § 7 (eff. July 1, 1977). Also beginning July 1, 1977, Ind. Code § 35-50-2-7 provided that a person convicted of a class D felony "shall be imprisoned for a fixed term of two (2) years, with not more than two (2) years added for aggravating circumstances . . . ."[2] See Acts 1976, Pub. L. No. 148, § 8 (eff. July 1, 1977).

Ott does not point to a statute in effect at the time of his offense or thereafter that allowed a reduction in the classification of his offense from a felony to a misdemeanor. Ind. Code § 35-50-2-7 is titled "*Class D felony*; entry as or conversion to a Class A misdemeanor" and subsection (c) provided that "the sentencing court may convert a *Class D felony* conviction to a Class A misdemeanor conviction if . . . ." (Emphases added). Ind. Code § 35-50-2-1 defined "Class D felony conviction" as "*a conviction of a Class D felony in Indiana* and a conviction, in any other jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year." (Emphasis added) (subsequently amended by Pub. L. No. 158-2013, § 652 (eff. July 1, 2014)).

---

[1] Ind. Code §§ 35-24.1 were subsequently repealed by Acts 1976, Pub. L. No. 148, § 24.

[2] Subsequently amended by Acts 1977, Pub. L. No. 340, § 120; Acts 1982, Pub. L. No. 204, § 40; Pub. L. No. 334-1983, § 3; Pub. L. No. 136-1987, § 7; Pub. L. No. 167-1990, § 2; Pub. L. No. 188-1999, § 9; Pub. L. No. 98-2003, § 3; Pub. L. No. 71-2005, § 10 (eff. April 25, 2005); Pub. L. No. 69-2012, § 6; Pub. L. No. 13-2013, § 145 (eff. April 1, 2013); Pub. L. No. 159-2013, § 5 (eff. July 1, 2013); Pub. L. No. 158-2013, § 660 (eff. July 1, 2014).

Based upon the language in the relevant statutes, we cannot say that the legislature provided for a modification of a felony conviction to a misdemeanor conviction for a felony committed prior to the division of felony classes. Under the circumstances, we cannot say that the trial court had authority to grant Ott's motion to convert his conviction to a class A misdemeanor. See generally State v. Brunner, 947 N.E.2d 411, 418 (Ind. 2011) (observing that "[a]lthough it may be equitable and desirable for the legislature to give a trial court discretion in modifying a conviction years later for good behavior, we recognize at this time the legislature has not given any such authority," and holding that the trial court erred in granting Brunner's motion for modification of conviction because the legislature had not enacted any such authority for the trial court), reh'g denied; Alden v. State, 983 N.E.2d 186, 189 (Ind. Ct. App. 2013) (citing Brunner for the proposition that "modification of conviction for good behavior may be equitable and desirable, *but only after legislature grants authority to courts*") (emphasis added).

For the foregoing reasons, we affirm the trial court's denial of Ott's motion to correct error.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.