# FOR PUBLICATION



FILED
Aug 15 2014, 10:03 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ALEXANDER L. HOOVER**
Law Office of Christopher G. Walter, PC
Nappanee, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL KEVIN MALLORY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1403-MI-76 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

**APPEAL FROM THE ELKHART SUPERIOR COURT**
The Honorable Charles Carter Wicks, Judge
Cause No. 20D05-1311-MI-242

**August 15, 2014**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Petitioner Michael Kevin Mallory appeals the trial court's denial of his petition to expunge his Class D felony conviction records. Indiana Code section 35-38-9-3(e) provides that the trial court "shall order" expungement if all statutory requirements are met. It is undisputed that Mallory met the requirements of Indiana Code section 35-38-9-3(e). Because the word "shall" is ordinarily construed as mandatory language, we conclude that Indiana Code section 35-38-9-3(e) unambiguously requires expungement if all statutory requirements are met. We reverse the trial court's judgment and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On April 17, 2000, Mallory pled guilty to two counts of Class D felony theft. Pursuant to a plea agreement with Appellee-Respondent the State of Indiana, Mallory was sentenced to three years executed with two years suspended and one year to be served on home detention. Mallory was also ordered to pay $40,000.00 in restitution within one year. Mallory completed the obligations of his sentence on April 17, 2003.

On November 20, 2013, Mallory filed a petition to expunge his conviction records. In order for a person to successfully petition a court for expungement of his Class D felony conviction records: (1) at least eight years must have elapsed since the date of conviction; (2) no charges may be pending against the person; (3) the person must have paid all fines, fees, and court costs, and satisfied any restitution obligation of his sentence; and (4) the person may not have been convicted of a crime within the previous eight years. Ind. Code 35-38-9-3(e). If the trial court finds that all of these requirements have been met, the court

2

"shall order" the conviction records expunged. Ind. Code § 35-38-9-3(e).

A hearing on Mallory's petition for expungement was held on February 17, 2014, during which Mallory testified that he had met the requirements of Indiana Code section 35-38-9-3(e). The State agreed that Mallory had met the statutory requirements, but argued that, under Indiana Code section 35-38-9-9(d), the trial court could deny Mallory's petition based on the wishes of Mallory's victims. At the time Mallory filed his petition, Indiana Code section 35-38-9-9(d) provided: "A victim of the offense for which expungement is sought may submit an oral or written statement in support of or in opposition to the petition at the time of the hearing. The court shall consider the victim's statement before making its determination."[1]

The victims of Mallory's theft, Vicki Vega and Vera Sonner, both testified at the expungement hearing that they wished the trial court to deny Mallory's petition. Finding the language of Indiana Code sections 35-38-9-3 and 35-38-9-9 to be in conflict, the trial court concluded that it had discretion to deny Mallory's petition for expungement. At the conclusion of the hearing, Mallory's petition was denied.

## DISCUSSION AND DECISION

Mallory argues that the trial court erred in denying his petition for expungement because the unambiguous language of Indiana Code section 35-38-9-3(e) requires

---

[1] On March 26, 2014, the Indiana General Assembly amended Indiana Code section 35-38-9-9(d) as follows:

> A victim of the offense for which expungement is sought may submit an oral or written statement in support of or in opposition to the petition at the time of the hearing. ~~The court shall consider the victim's statement before making its determination.~~

P.L. 181-2014.

3

expungement if all of the statutory requirements have been met.

> Interpretation of a statute is a question of law which we review de novo. We first examine whether the language of the statute is clear and unambiguous. If it is, we will not apply any rules of construction other than to require that words and phrases be given their plain, ordinary, and usual meanings.

*Dykstra v. City of Hammond*, 985 N.E.2d 1105, 1107 (Ind. Ct. App. 2013) (internal citations omitted), *trans. denied*.

Here, the statute at issue provides that the trial court "shall order" the petitioner's Class D felony conviction records expunged if the court finds that the statutory requirements have been met. Ind. Code § 35-38-9-3(e). It is well settled that the use of the word "shall" is construed as "mandatory language creating a statutory right to a particular outcome after certain conditions are met." *Alden v. State*, 983 N.E.2d 186, 189 (Ind. Ct. App. 2013), *trans. denied.* Therefore, we agree with Mallory that Indiana Code section 35-38-9-3(e) unambiguously requires expungement if all statutory requirements are met. *See Taylor v. State*, 7 N.E.3d 362, 367 (Ind. Ct. App. 2014) (holding identical language of Indiana Code section 35-38-9-2(d) to unambiguously require expungement of Class A misdemeanor conviction records if all statutory requirements are met).

Because it is undisputed that Mallory met the requirements of Indiana Code section 35-38-9-3(e), we conclude that the trial court erred in denying Mallory's petition. We reverse the trial court's judgment and remand, instructing the court to grant Mallory's petition to expunge his Class D felony conviction records. The State concedes to this relief, acknowledging our holding in *Taylor* and the General Assembly's amendment of Indiana Code section 35-38-9-9(d).

4

The judgment of the trial court is reversed and remanded with instructions.

BARNES, J., and BROWN, J., concur.