**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Aug 29 2014, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT, PRO SE:

**BRUCE JOHNSON-EL**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRUCE JOHNSON-EL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  09A02-1302-PC-270 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE CASS SUPERIOR COURT
The Honorable Richard A. Maughmer, Judge
Cause No. 09D02-1102-PC-1

**August 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

The petitioner, Bruce Johnson-El ("Johnson-El"), appeals the post-conviction court's denial of his motion to correct error. In his motion to correct error, Johnson-El challenged the post-conviction court's denial of his motion for a change of judge and his petition for post-conviction relief from his conviction for Class B felony rape.[1] Johnson-El did not follow Post-Conviction Rule 1(4)(b)'s procedural requirement that he file a certificate from his trial attorney of record stating that the attorney in good faith believed the facts cited in Johnson-El's affidavit attached to his motion for a change of judge were true. In addition, Johnson-El failed to prosecute his post-conviction petition as required by Trial Rule 41(E). Accordingly, we conclude that the post-conviction court did not abuse its discretion when it denied Johnson-El's motion to correct error.

We affirm.

ISSUE

Whether the post-conviction court abused its discretion when it denied Johnson-El's motion to correct error.

FACTS

The State charged Johnson-El with two counts of Class B felony rape—one count filed on April 23, 2003, and one count filed on June 4, 2004. Johnson-El waived his right to a trial by jury, and the trial court held a bench trial on the charges on March 23, 2006. The trial court convicted Johnson-El of one of the two counts and then sentenced Johnson-El to twenty (20) years executed in the Department of Correction. This Court

---

[1] INDIANA CODE § 35-42-4-1.

affirmed the conviction and sentence on appeal. *Johnson v. State*, No. 09A02-0605-CR-424 (Ind. Ct. App. Jan. 10, 2007).

Thereafter, on January 28, 2009, Johnson-El filed a *pro se* petition for post-conviction relief, as well as a motion for a change of judge. In his petition, Johnson-El argued that the assistance of his trial and appellate counsel had been ineffective and that the trial court had improperly enhanced his sentence. In his motion for a change of judge, he requested a new judge based on his belief that the judge who had presided over his trial was biased against him. Specifically, he claimed that the trial judge's actions at trial "consisted of voice inflections, facial expressions, and glances, and making reference to this case as a file #13 case." (App. 27). Based on this "demeanor throughout trial," Johnson-El argued that his trial judge was partial to the State and could not make an objective assessment of the arguments he raised in his petition for post-conviction relief. (App. 28). In response to Johnson-El's petition and motion, on February 3, 2009, the State filed an answer in which it requested disposition without a hearing because Johnson-El's arguments did not contain genuine issues of material fact. That same day, the post-conviction court denied Johnson-El's change of judge motion without a hearing.[2]

Subsequently, on February 17, 2011, Johnson-El, *pro se*, filed an amended petition for post-conviction relief and a second motion for change of judge. In his amended petition, Johnson-El alleged that he was entitled to a new trial based on newly discovered evidence that the victim of his rape had allegedly admitted to her cousin that Johnson-El

---

[2] The court also referred Johnson-El's petition to the State Public Defender's Office. However, after entering an appearance, his public defender filed a Notice of Present Inability to Investigate and Amend Petitioner's *Pro Se* Petition for Post-Conviction Relief. His public defender then withdrew his appearance on October 27, 2011.

had not raped her. In his second motion for a change of judge, Johnson-El again argued that his trial judge was prejudiced against him. He stated that:

> I believe the [trial judge] has a personal bias or prejudice against me because my conviction rests upon the sole credibility and testimony of the alleged victim in this case; [a]nd over my own credibility and testimony, he favored a conviction, via, marrying the alleged victim's testimony; and thus, has evinced in this case a bias against me so strong as to affect his objectivity in assessing the charges and claims now made pending before the court in my instant [a]mended [p]etition for [p]ost-[c]onviction [r]elief that would warrant his disqualification from considering this matter. Further, it is my firm belief that the maxium [sic] sentence of [twenty (20)] years he has given me convinces me that he holds such a bias against me.

(App. 77-78). Also on February 17, 2011, the post-conviction court denied Johnson-El's second motion for a change of judge, finding that it did not comply with Indiana Post-Conviction Rule 1(4)(b).

On March 19, 2013, the post-conviction court held a hearing and dismissed Johnson-El's amended petition for post-conviction relief pursuant to Indiana Trial Rule 41(E). On April 8, 2013, Johnson-El filed a motion to correct error disputing both the post-conviction court's denial of his motion for a change of judge and his petition for post-conviction relief. The post-conviction court held a hearing on the motion to correct error on July 1, 2013, and denied the motion that same day. Johnson-El now appeals. We will provide additional facts as necessary.

## DECISION

Johnson-El appeals the post-conviction court's denial of his motion to correct error in which he disputed both the post-conviction court's denial of his motion for a change of judge and dismissal of his petition for post-conviction relief. Generally, we

4

review a denial of a motion to correct error for an abuse of discretion. *Ott v. State*, 997

N.E.2d 1083, 1084 (Ind. Ct. App. 2013). A post-conviction court has abused its

discretion where its ruling is clearly against the logic, facts, and circumstances presented.

*Id.* We do not reweigh evidence, and we consider conflicting evidence most favorable to

the post-conviction court's ruling. *Id.* Here, we will address whether the post-conviction

court abused its discretion by declining to "correct" its rulings on Johnson-El's motion

for a change of judge and petition for post-conviction relief.

1. Motion for a Change of Judge

Johnson-El argues that the post-conviction court erred in denying his motion for a

change of judge because he complied with Post-Conviction Rule 1(4)(b), which is

applicable in post-conviction proceedings. Section 4(b) provides that:

> Within ten [(10)] days of filing a petition for post-conviction relief under
> this rule, the petitioner may request a change of judge by filing an affidavit
> that the judge has a personal bias or prejudice against the petitioner. The
> petitioner's affidavit shall state the facts and the reasons for the belief that
> such bias or prejudice exists, and shall be accompanied by a certificate from
> the attorney of record that the attorney in good faith believes that the
> historical facts recited in the affidavit are true. A change of judge shall be
> granted if the historical facts cited in the affidavit support a rational
> inference of bias or prejudice. . . .

P-C.R. 1(4)(b). According to Johnson-El, "he need not allege facts sufficient to establish

actual bias or prejudice, but merely that he believes the judge is biased or prejudiced

against him." (Johnson-El's Br. 11). He also argues that a post-conviction court *must*

grant a motion for a change of judge if a petitioner has fully complied with Post-

Conviction Rule 1(4)(b). We need not address these arguments because Johnson-El did

not file with his affidavit "a certificate from the attorney of record that the attorney in

good faith believes that the historical facts recited in the affidavit are true," as Post-Conviction Rule 1(4)(b) requires. Because the term "shall" in Post-Conviction Rule 1(4)(b) indicates that this is a mandatory procedural step, we conclude that the post-conviction court did not err in denying Johnson-El's motion for a change of judge. *See Taylor v. State*, 7 N.E.3d 362, 365 (Ind. Ct. App. 2014) ("It is well settled that the use of the word 'shall' is construed as 'mandatory language' . . . .").

2. Petition for Post-Conviction Relief

Next, Johnson-El challenges the post-conviction court's dismissal of his petition for post-conviction relief based on Trial Rule 41(E). He argues that the post-conviction court did not issue an order to show cause prior to dismissing his petition as required by Trial Rule 41(E). He also contends that the post-conviction court abused its discretion in dismissing his petition because it raised material issues of fact.

Trial Rule 41(E) provides that:

Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show cause at or before such hearing.

In *Holliness v. State*, 496 N.E.2d 1281, 1282 (Ind. 1986), our Supreme Court held that "dismissal after the Public Defender has made an appearance on behalf of the *pro se* petitioner and before an amended petition has been filed, can be made only after an order to show cause why the petition should be dismissed pursuant to T.R. 41(E)." This Court has explained that this requirement derives from the State Public Defender's Office's

6

responsibilities to "interview the indigent client, to read his appellate record, to interview his trial and appellate attorneys, and to investigate the legal and factual matters necessary to a decision whether to amend the indigent's *pro se* petition for post-conviction relief." *Stoner v. State*, 506 N.E.2d 837, 838 (Ind. Ct. App. 1987). Indiana courts want public defenders to have "ample time to investigate post-conviction relief claims so that they may amend petitions, if necessary, to include all possible theories in a single petition, thereby rendering future petitions unnecessary." *Joseph v. State*, 603 N.E.2d 873, 876 (Ind. Ct. App. 1992).

Here, however, we do not have such concerns because Johnson-El was not represented by a public defender that needed time to review his case and amend his *pro se* petition at the time when the post-conviction court dismissed his petition. The public defender representing Johnson-El filed a Notice of Present Inability to Investigate and Amend Petitioner's *Pro Se* Petition for Post-Conviction Relief. Then, after investigating Johnson-El's case, the public defender withdrew his appearance on October 27, 2011. A year and a half passed without Johnson-El prosecuting his petition before the post-conviction court scheduled a hearing for dismissal on January 16, 2013. The Chronological Case Summary ("CCS") does not clarify whether Johnson-El received notice that the court had scheduled a hearing on January 16. However, on February 25, 2013, the post-conviction court continued the hearing, and the CCS indicates that he received notice at this point. Subsequently, Johnson-El did not make any attempts to show cause before the post-conviction court held the hearing on March 19, 2013, even though he had received notice of the hearing.

7

Significantly, we note that the plain language of Trial Rule 41(E) does not place the burden on the post-conviction court to enter an order to show cause. Instead, the language provides that the court must order a hearing, and the plaintiff must show cause. Our precedent has established that a post-conviction court must issue an order to show cause where a public defender has made an appearance on behalf of a *pro se* petitioner and has not had an opportunity to file an amended petition. However, those circumstances are not on point here, and we will not extend that precedent to the circumstances before us absent explicit support for that conclusion in the language of Trial Rule 41(E). *See Holliness*, 496 N.E.2d at 1282.

Moreover, we note that a year and a half lapsed between the public defender's withdrawal from Johnson-El's case and the post-conviction court's notice that it had scheduled the hearing to dismiss. During this time, Johnson-El did not act on his petition or indicate in any respect that he intended to amend his petition. Based on these factors, we conclude that the post-conviction court did not abuse its discretion in dismissing Johnson-El's petition. In addition, because we conclude that the post-conviction court properly dismissed the petition, we need not address Johnson-El's second argument regarding the merits of his petition.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.