

FILED
Sep 30 2015, 9:23 am
CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

James D. Borel
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re: The Matter of the Petition to Expunge Conviction Records of James D. Borel,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

September 30, 2015

Court of Appeals Case No. 41A01-1412-MI-533

Appeal from the Johnson Superior Court.
The Honorable Kevin M. Barton, Judge.
Cause No. 41D01-1406-MI-115

**Barteau, Senior Judge**

# Statement of the Case

James D. Borel[1] appeals the trial court's denial of his Petition to Expunge Conviction Records and his motion to correct error. We reverse and remand.

# Issue

The dispositive issue is whether the trial court erred by denying Borel's motion to correct error.[2]

# Facts and Procedural History

On February 27, 1976, the State charged Borel with "First Degree Burglary" under Cause Number 76-25, alleging that he had broken and entered the dwelling of Jerome Cutwright with the intent to commit theft. Confidential Appendix p. 23.

On March 16, 1976, Borel and the State appeared at a change of plea and sentencing hearing in Cause Number 76-25. The State requested and received

---

[1] Both parties identify Borel by initials in their briefs. They do not cite any authority for using initials rather than Borel's full name. The chapter of the Indiana Code that governs expungement petitions, Indiana Code section 35-38-9-1 et seq., does not mandate the use of initials on appeal. To the contrary, a 2015 amendment to Indiana Code section 35-38-9-10 provides that documents filed in expungement cases are not confidential until and unless the court grants the petition for expungement. 2015 Ind. Acts. 1279-80. In addition, Indiana Administrative Rule 9(G) does not include expungement proceedings among those types of cases in which a party's identity must be withheld from public access. Finally, recent decisions by the Court in appeals involving the denial of petitions for expungement do not refer to petitioners by their initials. *See, e.g.*, *Trout v. State*, 28 N.E.3d 267 (Ind. Ct. App. 2015); *Mallory v. State*, 15 N.E.3d 112 (Ind. Ct. App. 2014); *Taylor v. State*, 7 N.E.3d 362 (Ind. Ct. App. 2014). For these reasons, we use Borel's full name in this opinion.

[2] Borel also argues that the trial court erred by denying his Petition to Expunge Conviction Records without holding a hearing. It is unnecessary to address this issue because we are reversing and remanding for an evidentiary hearing on other grounds.

permission to amend the charging information to "Entering to Commit a Felony." *Id.* at 25. Borel pled guilty to that offense. The State recommended to the trial court a sentence of one to five years executed, with "fine waived." *Id.* The court imposed a sentence of one to five years, "Fine is waived." *Id.*

[5] On March 22, 1976, the State filed an amended information under Cause Number 76-25 formally charging Borel with entering to commit a felony. The State alleged that Borel entered the dwelling of Jerome Cutwright with intent to commit theft.

[6] Borel served his sentence, was released on parole, and successfully completed his term of parole.

[7] The current case began on June 24, 2014, when Borel filed a Verified Petition to Expunge Conviction Records, asking the trial court to expunge records related to his conviction for entering to commit a felony. The State filed a response objecting to Borel's petition. The State claimed that Borel had failed to demonstrate that he "paid all fines, fees, and court costs imposed as part of the sentence" and asked the court to summarily deny the petition. Appellant's App. p. 52. The trial court ordered Borel to provide proof that he had paid all fines, fees, and court costs imposed as part of the sentence, or his petition would be dismissed without prejudice.

[8] Next, Borel filed a motion for more definite statement, asking the court to order the State to clarify its claim of nonpayment of fines, fees, and costs. Borel also filed a motion for expedited discovery. The trial court denied both motions.

[9] Borel subsequently filed a motion for summary judgment and a request to waive fines, fees, and costs imposed by the original sentencing court. He also provided an affidavit. Borel asserted in the affidavit that he had visited the trial court clerk's office and they could not find any records showing that he owed court costs or fines in Cause Number 76-25.

[10] On September 25, 2014, the trial court summarily denied Borel's petition to expunge conviction records. The trial court determined that the original sentencing court lacked the authority to waive court costs, and Borel had failed to prove that he had paid such costs.

[11] Borel filed a motion to correct error, requesting an evidentiary hearing on his petition to expunge conviction records. The trial court denied the motion to correct error, explaining that, according to the original docket sheet, Borel owed court costs of $37.00. The trial court concluded that Borel failed to prove he had paid that amount. This appeal followed.

## Discussion and Decision

[12] Borel argues that the trial court erred by denying his petition for expungement and his motion to correct error. He asserts that we should review the trial court's decision per our standard of review for findings of fact and conclusions thereon. This approach is incorrect because the trial court did not issue findings or conclusions in its order summarily denying Borel's petition or its order denying Borel's motion to correct error.

[13] The key question is whether the trial court erred by denying Borel's motion to correct error. We review a trial court's denial of a motion to correct error for an abuse of discretion. *Ott v. State*, 997 N.E.2d 1083, 1084 (Ind. Ct. App. 2013). An abuse of discretion occurs when the trial court's ruling is against the logic, facts, and circumstances presented. *Id.* We do not reweigh the evidence and we consider conflicting evidence most favorable to the trial court's ruling. *Id.*

[14] Pursuant to Indiana Code section 35-38-9-9(b) (2014), a trial court "may summarily deny a petition, if the petition does not meet the requirements of section 8 of this chapter, or if the statements contained in the petition demonstrate that the petitioner is not entitled to relief."

[15] The trial court denied Borel's petition for expungement and motion to correct error pursuant to Indiana Code section 35-38-9-8(b)(11) (2014). At the time Borel filed his petition, that statute stated: "The petitioner shall provide evidence that the petitioner has paid all fines, fees, and court costs, and satisfied any restitution obligation imposed on the person as part of the sentence."[3] *Id.*

[16] In denying Borel's motion to correct error, the trial court determined the "Docket Sheet submitted by the petitioner shows that judgment was entered for costs and that the court costs of $37.00 was entered in" the judgment docket.

---

[3] A later amendment to the statute eliminated the provision requiring proof of payment of fines, fees, and court costs. *See* 2015 Ind. Acts 1275-76. Pursuant to other statutes governing petitions for expungement, the trial court is still required to determine whether all fines, fees, and court costs have been paid. *See id.* at 1267-70.

Appellant's App. p. 123. The typed entries in the docket sheet do not indicate that any court costs were imposed. There is a handwritten note next to one of the entries that consists of the following: "[illegible word, perhaps 'costs'] 37.00 J.D. 29 pg 123." Appellant's App. p. 96. The note is not signed or initialed. There is no indication as to who wrote the note or when it was added to the docket over the last thirty years.

[17] We are mindful of our obligation to consider facts in the light most favorable to the trial court's ruling and to refrain from reweighing evidence, but this handwritten scrawl of indeterminate origin provides little evidence that costs were imposed or remain due, especially where the formal, typed entries are silent on the matter. Furthermore, Borel provided evidence that he had asked the trial court clerk for documents indicating whether he still owed court costs. The clerk stated that it was unable to find any such documents. Presumably, the clerk knows his or her own records.

[18] There is insufficient evidence that the trial court imposed court costs or that such court costs remain unpaid, and the trial court's denial of Borel's motion to correct error is clearly against the logic, facts, and circumstances presented. *See O'Connor v. State*, 796 N.E.2d 1230, 1235 (Ind. Ct. App. 2003) (reversing denial of motion to correct error where, upon appellate review of the record, it was determined that there was no evidence that plaintiff was advised of right to jury trial on habitual offender enhancement).

# Conclusion

[19]    We reverse the trial court's summary denial of Borel's petition and remand for further proceedings not inconsistent with this opinion.

[20]    Reversed and remanded.

Bailey, J., and Barnes, J., concur.