

**FILED**

Dec 17 2015, 8:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Christopher Bandemer
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerrell Antonio Key,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 17, 2015<br><br>Court of Appeals Case No.<br>02A04-1507-MI-854<br><br>Appeal from the Allen Superior<br>Court<br><br>The Honorable John F. Surbeck,<br>Jr., Judge<br><br>Trial Court Cause No.<br>02D06-1503-MI-228 |

**Bailey, Judge.**

# Case Summary

Jerrell Antonio Key ("Key") appeals the trial court's denial of his motion to correct error, which challenged the court's denial of his petition to expunge his conviction records for Aiding Robbery, as a Class B felony,[1] and Resisting Law Enforcement, as a Class D felony.[2] We reverse and remand for further proceedings.

# Issue

Key presents two issues for our review, which we consolidate and restate as: whether the trial court erred in denying his motion to correct error, where the State objected to Key's petition for expungement, but the trial court did not set the matter for a hearing before denying the petition.

# Facts and Procedural History

On October 20, 2005, following a jury trial, Key was convicted under cause number 02D04-0402-FB-21 ("FB-21") of Aiding Robbery, as a Class B felony, and Resisting Law Enforcement, as a Class D felony. On November 17, 2005, the trial court sentenced Key to ten years on the Class B felony and 1½ years on the Class D felony, with the sentences to be served concurrently in the Indiana

---

[1] Ind. Code §§ 35-42-5-1 & 35-41-2-4 (2004).

[2] I.C. § 35-44-3-3 (2004).

Department of Correction.  In 2009, Key was assigned to a reentry court program.  After he violated the terms and conditions of the program, he was deprived of 120 days credit time.  Key eventually completed his sentence on May 28, 2010.

[4] On March 11, 2015, Key filed a verified petition for expungement asking the court to expunge both convictions under FB-21.  On April 10, 2015, the State filed a response and objected to the expungement for the following reasons: (1) the victim's objection and reasons for objecting; (2) the "circumstances, seriousness, and dangerous nature of the offense;" (3) Key's "apparent lack of remorse and failure to accept responsibility;" (4) the "comparatively" short time since the conviction (less than ten years); and (5) Key's violation of the terms and conditions of the reentry court.  (App. 11-12.)

[5] On April 24, 2015, the trial court entered the following order summarily denying Key's petition:

> The Court having considered the Defendant's Petition for Expungement together with the State's response to said petition, as well as the offense for which the Defendant was originally convicted, and Defendant's criminal history, the Court now DENIES the Defendant's Verified Petition for Expungement.

(App. 3.)

[6] Key filed a motion to correct error on April 29, 2015, based on Section 35-38-9-9 of the expungement statute, which provides in relevant part:

> (a) If the prosecuting attorney does not object, the court may grant the petition for expungement without a hearing.
>
> (b) The court may summarily deny a petition, if the petition does not meet the requirements of section 8 of this chapter [filing and contents of petitions], or if the statements contained in the petition demonstrate that the petitioner is not entitled to relief.
>
> (c) If the prosecuting attorney objects to the petition, the court shall set the matter for hearing not sooner than sixty (60) days after service of the petition on the prosecuting attorney.

I.C. § 35-38-9-9(a)-(c) (2014). Because the prosecuting attorney objected to Key's petition, Key argued the trial court erred in denying his petition without first holding a hearing.

The State filed a statement in opposition to the motion to correct error on May 15, 2015, arguing that under Indiana Trial Rule 12(C) (judgment on the pleadings), the court could enter judgment based on the petition and response without first holding a hearing. The trial court did not set a hearing or rule on the motion to correct error; thus, under Indiana Trial Rule 53.3(A) the motion was deemed denied forty-five days after the motion was filed.

Key now timely appeals the court's denial of his motion to correct error.

# Discussion and Decision

## Standard of Review

[9] We review a trial court's denial of a motion to correct error for an abuse of discretion. *Borel v. State*, No. 41A01-1412-MI-533, slip op. at 5 (Ind. Ct. App. Sept. 30, 2015). An abuse of discretion occurs when the court's ruling is against the logic, facts, and circumstances presented. *Id.* We do not reweigh evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.*

[10] This appeal also raises an issue of statutory interpretation.

> Interpretation of a statute is a question of law that we review de novo. *Wall v. Plummer*, 13 N.E.3d 420, 422 (Ind. Ct. App. 2014). We must first determine whether the statutory language is clear and unambiguous. *Id.* In interpreting the statute, we will attempt to determine and give effect to the intent of the legislature. *Id.* "The best evidence of legislative intent is surely the language of the statute itself." *Id.* (quotation omitted). We must give all words their plain and ordinary meaning unless otherwise indicated by statute. *Id.* at 422-23.

*Trout v. State*, 28 N.E.3d 267, 271 (Ind. Ct. App. 2015). To determine the plain and ordinary meaning of words, courts may properly consult English language dictionaries. *Vanderburgh Cnty. Election Bd. v. Vanderburgh Cnty. Democratic Cent. Comm.*, 833 N.E.2d 508, 510 (Ind. Ct. App. 2005).

## Background on Expungement Law

[11] Effective July 1, 2013, our General Assembly enacted Public Law 159-2013, which added Chapter 9, "Sealing and Expunging Conviction Records," to Title

35, Article 38 of the Indiana Code. P.L. 159-2013, § 4.[3]  The new law allows people convicted of certain crimes to have their conviction records expunged. I.C. § 35-38-9-1 *et seq.*; *Trout*, 28 N.E.3d at 269.  When a person is convicted of a crime, the conviction is a stigma that follows him or her through life, creating many roadblocks to rehabilitation. *Jordan v. State*, 512 N.E.2d 407, 409 (Ind. 1987), *reh'g denied*.  Through the expungement statute, the "legislature intended to give individuals who have been convicted of certain crimes a second chance" by providing an opportunity for relief from the stigma associated with their criminal convictions. *Taylor v. State*, 7 N.E.3d 362, 367 (Ind. Ct. App. 2014).

[12]  Under Chapter 35-38-9, expungement is not available to sex or violent offenders or persons convicted of official misconduct, homicide offenses, human and sexual trafficking offenses, or sex crimes.  *See* I.C. § 35-38-9-3(b); I.C. § 35-38-9-4(b); I.C. § 35-38-9-5(b).  For qualifying offenses, the requirements for expungement generally depend on the level of offense of which the person was convicted.  *See* I.C. § 35-38-9-2 (misdemeanors); I.C. § 35-38-9-3 (Class D or Level 6 felonies); I.C. § 35-38-9-4 (felonies other than Class D or Level 6 felonies); I.C. § 35-38-9-5 (offenses committed by elected officials while in office and felonies that resulted in serious bodily injury).  Depending on the offense

---

[3] Since its inception, Chapter 35-38-9 has been amended twice. *See* P.L. 181-2014 (effective March 26, 2014) & P.L. 142-2015 (effective July 1, 2015).  At all times, we refer to and apply the version in effect at the time Key's petition was filed in March 2015. *See Trout*, 28 N.E.3d at 269 n.2 (citing *Alvey v. State*, 15 N.E.3d 72, 74 (Ind. Ct. App. 2014) for the rule that the version of the expungement statute in effect when the petition is filed is controlling); *Wall*, 13 N.E.3d at 422 n.2 (applying the version in effect at the time the petition was filed).  The parties do not dispute that the 2014 version applies.

level, expungement may be either mandatory or discretionary. *Trout*, 28 N.E.3d at 269 (comparing I.C. § 35-38-9-3 & I.C. § 35-38-9-5).

[13]     A person seeks expungement by filing a verified petition for expungement with the trial court and serving a copy of the petition on the prosecuting attorney. I.C. §§ 35-38-9-8(b) & (d). The required contents of a petition are enumerated in Section 35-38-9-8(b).[4] The petitioner may also include any other information that he or she believes may assist the court. I.C. § 35-38-9-8(c). Not later than thirty days after receipt, the prosecuting attorney must reply to the petition.

---

[4] At the time Key filed his petition, Section 35-38-9-8(b) provided:

(b) Any person may seek an expungement under sections 2 through 5 of this chapter by filing a verified petition for expungement. The petition must include the following:

(1) The petitioner's full name and all other legal names or aliases by which the petitioner is or has been known.

(2) The petitioner's date of birth.

(3) The petitioner's addresses from the date of the offense to the date of the petition.

(4) A certified copy of petitioner's records from the bureau of motor vehicles.

(5) The petitioner shall affirm that no criminal investigation or charges are pending against the petitioner.

(6) The petitioner shall affirm that the petitioner has not committed another crime within the period required for expungement.

(7) The petitioner shall list all convictions and the date of the conviction, and any appeals from the conviction and the date any appellate opinion was handed down, if applicable.

(8) The petitioner shall affirm that the required period has elapsed or attach a copy of the prosecuting attorney's written consent to a shorter period.

(9) The petitioner shall describe any other petitions that the petitioner has filed under this chapter.

(10) For a petition filed under section 5 of this chapter, the petitioner shall attach a copy of the prosecuting attorney's written consent.

(11) The petitioner shall provide evidence that the petitioner has paid all fines, fees, and court costs, and satisfied any restitution obligation imposed on the person as part of the sentence.

I.C. § 35-38-9-8(f). The prosecutor must also inform the victim of the victim's rights. I.C. § 35-38-9-8(e).

# Actions on Petitions

[14] This appeal concerns the actions a court may take on a petition to expunge conviction records. Section 35-38-9-9 provides, in relevant part:

> (a) If the prosecuting attorney does not object, the court may grant the petition for expungement without a hearing.
>
> (b) The court may summarily deny a petition, if the petition does not meet the requirements of section 8 of this chapter [filing and contents of petitions], or if the statements contained in the petition demonstrate that the petitioner is not entitled to relief.
>
> (c) If the prosecuting attorney objects to the petition, the court shall set the matter for hearing not sooner than sixty (60) days after service of the petition on the prosecuting attorney.

I.C. § 35-38-9-9(a)-(c) (2014).

[15] We think the statute is clear and unambiguous. After an expungement petition is filed, the prosecuting attorney must reply within thirty days of receipt. I.C. § 35-38-9-8(f). If the prosecutor does not object, the court *may* grant the petition without a hearing. I.C. § 35-38-9-9(a). The term "may" in a statute ordinarily implies a permissive condition and a grant of discretion. *Alden v. State*, 983 N.E.2d 186, 189 (Ind. Ct. App. 2013) (citation and quotation marks omitted), *trans. denied.* Thus, the court may, in its discretion, grant an unopposed petition

for expungement. However, if the prosecutor objects, "the court *shall* set the matter for hearing." I.C. § 35-38-9-9(c) (emphasis added). "It is well settled that the use of the word 'shall' is construed as 'mandatory language creating a statutory right to a particular outcome after certain conditions are met.'" *Taylor*, 7 N.E.3d at 365 (quoting *Alden*, 983 N.E.2d at 189). Thus, when the prosecuting attorney objects to a petition for expungement, the statute grants the petitioner a due process right to a hearing on the petition.

[16] Although a hearing is generally required when the prosecutor objects, Subsection 35-38-9-9(b) provides that a court "may" summarily deny a petition in two limited circumstances: (1) if the petition does not meet the requirements of Section 35-38-9-8 (filing and contents of petitions), or (2) "if the statements contained in the petition demonstrate that the petitioner is not entitled to relief." I.C. § 35-38-9-9(b). Thus, regardless of the prosecutor's response, the statute permits the court to deny a petition without a hearing where either the petition is facially defective (that is, non-conforming to Section 35-38-9-8's requirements) or reveals the petitioner is not eligible for expungement. However, if summary denial is not appropriate under either of the two circumstances described in Subsection 35-38-9-9(b) and the prosecutor objects, a hearing is required.

[17] The State argues that requiring a hearing every time the State objects "would be a waste of judicial economy, overload busy prosecutors, and incentivize the State to not reply to avoid unnecessary hearings." (Appellee's Br. 8.) We disagree. The statute requires the prosecuting attorney to reply to expungement

petitions, *see* I.C. § 35-38-9-8(f), so it does not create a disincentive to reply. As to the burden imposed on courts, the legislature provided trial courts the means to quickly address expungement petitions that are unopposed, facially-defective, or demonstrate the statutory requirements are not met. *See* I.C. §§ 35-38-9-9(a) & (b). On the other hand, where the prosecuting attorney objects to the petition, the legislature afforded the petitioner a due process right to a hearing, *see* I.C. § 35-38-9-9(c), thus facilitating meaningful review of contested petitions. The legislative scheme thus strikes a balance between (a) the legislative goal of providing relief to qualified persons from the stigma of past criminal convictions, (b) alleviating the potential strain imposed by the new expungement statute on our judicial system's limited resources, and (c) providing petitioners with due process.

## Key's Petition

[18] We turn now to Key's petition for expungement. The petition did not identify under which section(s) of the expungement statute Key sought relief; but, as required by statute, Key requested expungement of both his Class D felony and his Class B felony in the same petition. *See* I.C. § 35-38-9-9(g). Under Indiana Code section 35-38-9-3, expungement of a Class D felony is mandatory if all of the statutory requirements are met. *See* I.C. § 35-38-9-3(e); *Mallory v. State*, 15 N.E.3d 112, 113-14 (Ind. Ct. App. 2014). Expungement of a qualifying Class B felony under Section 35-38-9-4, however, is discretionary. *See* I.C. § 35-38-9-4(e); *Taylor*, 7 N.E.3d at 365-66.

[19] The prosecuting attorney's objection to Key's petition focused on the discretionary nature of expungement of a Class B felony under Section 35-38-9-4. The prosecutor gave five reasons to deny Key's petition, including (1) the victim's objection and reasons for objecting; (2) the "circumstances, seriousness, and dangerous nature of the offense;" (3) Key's "apparent lack of remorse and failure to accept responsibility;" (4) the "comparatively" short time since the conviction (less than ten years); and (5) Key's violation of the terms and conditions of the reentry court. (App. 11-12.) After reviewing the petition, the objection, the offense of which Key was originally convicted, and Key's criminal history, the trial court denied the petition without setting a hearing.

[20] Subsection 35-38-9-9(c) provides that if the prosecuting attorney objects, the trial court shall set the matter for a hearing. Because the prosecutor objected, the trial court erred when it did not set a hearing on Key's petition.

[21] The State nevertheless urges us to affirm the court's denial, reasoning that the court must have summarily denied the petition under Subsection 35-38-9-9(b) because the statements contained in the petition demonstrated that Key was not entitled to relief. Yet nothing in the trial court's order indicates that the court summarily denied the petition under Subsection 35-38-9-9(b). Moreover, the State does not direct our attention to any specific statement in Key's petition that would support summary denial for that reason. The State does not allege,

for example, that Key's petition was filed too soon or that he was convicted of a disqualifying offense.[5]

[22] Furthermore, even if the court did enter a summary denial under Subsection 35-38-9-9(b), it appears the court would have been in error. Based on our review, the petition conforms to the requirements of Section 35-38-9-8 (filing and contents of petitions).[6] And the petition's statements indicate that the required time periods have elapsed; no charges are pending against Key; he has paid all fines, fees, court costs, and restitution obligations; and he has not been convicted of a crime within the previous eight years. *See* I.C. §§ 35-38-9-3(e) & -4(e). There is no indication in the record that Key is a sex or violent offender or was convicted of a crime that would make him ineligible for expungement. On this record, Key appears to be entitled to mandatory expungement of the Class D felony under Section 35-38-9-3 – a point the State concedes – and

---

[5] Although not explicitly, the State seems to suggest that Subsection 35-38-9-9(b) implicitly authorizes a court to summarily deny a petition whenever expungement of an offense is discretionary because the petitioner is not "entitled to" expungement. We disagree. Generally, "entitle" means "to give a right or legal title to," to "qualify (one) for something," or to "furnish with proper grounds for seeking or claiming something." *Webster's Third New International Dictionary Unabridged* 758 (2002). Therefore, a petition can show entitlement to relief by showing the petitioner is "qualified for" expungement, even where expungement is ultimately within the court's discretion. The mere fact that the petitioner seeks discretionary expungement does not automatically subject the petition to summary denial under Subsection 35-38-9-9(b).

[6] We acknowledge that Key did not "provide evidence" that his fines, fees, court costs, and restitution were paid, *see* I.C. § 35-38-9-8(b)(11), a requirement that has since been removed from Section 35-38-9-8. *See* P.L. 142-2015, § 8. However, Key's petition included a statement that he "successfully completed all terms of the sentence(s) previously imposed . . . including payment of restitution, fines and court costs" (App. 5), and the Chronological Case Summary for FB-21 shows a zero balance. We think this was sufficient. *See Borel*, No. 41A01-1412-MI-533, slip op. at 6-7 (reversing and remanding for further proceedings the trial court's denial of an expungement petition where the petitioner did not "provide evidence" that court costs were paid, but submitted an affidavit that the clerk's office found no record of him owing money).

discretionary expungement of the Class B felony under Section 35-38-9-4. Based on the record before us, summary denial would not have been appropriate under Subsection 35-38-9-9(b).

[23] Finally, we turn to the State's argument that to the extent Section 35-38-9-9 requires a hearing on every contested petition, it impermissibly conflicts with Trial Rule 12(C). Trial Rule 12(C) enables a party to move for judgment on the pleadings.[7] A Rule 12(C) motion attacks the legal sufficiency of the pleadings. *Fox Dev., Inc. v. England*, 837 N.E.2d 161, 165 (Ind. Ct. App. 2005).

[24] It is a fundamental rule of Indiana law that when a procedural statute conflicts with a procedural rule adopted by the supreme court, the latter shall take precedence. *Bowyer v. Ind. Dep't of Natural Res.*, 798 N.E.2d 912, 916 (Ind. Ct. App. 2003). Thus, when a procedural statute conflicts with the Indiana Rules of Trial Procedure, the trial rules govern, and phrases in statutes that are contrary to the trial rules are considered a nullity. *Id.* at 917. "To be 'in conflict,' it is not necessary that the rule and the statute be in direct opposition." *Id.* The rule and statute need only be incompatible to the extent both could not apply in a given situation. *Id.*

[25] The State argues that there is a conflict between the expungement statute and Rule 12(C) because the statute requires a hearing on contested petitions, but

---

[7] Trial Rule 12(C) provides, in relevant part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

Rule 12(C) permits judgment on the pleadings. Therefore, the State contends that Trial Rule 12(C) takes precedence over the statute and the trial court did not need to hold a hearing before entering judgment on the petition and response alone. The State also argues that "it appears evident" that Rule 12(C) was the basis for the judgment in this case.

First, we disagree that it is "evident" that the trial court treated the State's objection as a motion for judgment on the pleadings. Nothing in the court's order states Rule 12(C) was the legal basis for denying Key's expungement petition. And the prosecuting attorney neither moved for judgment on the pleadings, nor used the objection to attack the legal sufficiency of the petition.

Moreover, the legislature's inclusion of Subsection 35-38-9-9(b) avoids the potential conflict with which the State is concerned. Subsection 35-38-9-9(b) permits a court to enter summary denial when the petition reveals the petitioner has not met the statutory requirements for expungement. Similarly, a "motion for judgment on the pleadings should be granted only when it is clear from the pleadings that the non-moving party cannot in any way succeed under the facts and allegations therein." *Bledsoe v. Fleming*, 712 N.E.2d 1067, 1069-70 (Ind. Ct. App. 1999), *reh'g denied*. We see no conflict between the two procedures, both of which permit the court to enter judgment where the motion or pleading will fail as a matter of law.

Finally, we observe that Subsection 35-38-9-9(c) is more than a procedural rule, as it grants the petitioner a due process right to a hearing when the prosecutor

objects to the expungement petition. Key was entitled to a hearing under the plain and ordinary meaning of Indiana Code section 35-38-9-9(c).

# Conclusion

[29] The trial court erred when it denied Key's contested petition for expungement without first setting the matter for a hearing. The court therefore erred when it denied Key's motion to correct error. We accordingly remand for further proceedings not inconsistent with this opinion.

[30] Reversed and remanded.

Vaidik, C.J., and Crone, J., concur.