

FILED

Mar 16 2015, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

David Whitsett II
Frankfort, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnnie M. Trout Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 16, 2015<br><br>Court of Appeals Case No.<br>12A04-1409-MI-403<br><br>Appeal from the Clinton Superior<br>Court<br><br>The Honorable Bradley Mohler,<br>Judge<br><br>Case No. 12C01-1401-MI-014 |

**Vaidik, Chief Judge.**

# Case Summary

[1] According to Indiana Code section 35-38-9-3(b)(3), a person is ineligible for mandatory expungement of their criminal records if they are "convicted of a felony that resulted in bodily injury to another person." Johnnie M. Trout Jr. filed a petition to expunge records of his Class D felony convictions for criminal

recklessness with a deadly weapon and pointing a firearm, and the trial court denied his petition. The trial court reasoned that although Trout was not convicted of a felony that resulted in bodily injury to another person, it could not "turn a blind eye" to the fact that Trout was acquitted of attempted murder for shooting and injuring someone during the same incident.

[2] According to the plain language of the statute, the felonies that Trout was convicted of must have resulted in bodily injury to another person. However, the record shows that neither of his convictions resulted in bodily injury to another person. Therefore, these convictions do not disqualify Trout from mandatory expungement according to Section 35-38-9-3(b)(3). We therefore reverse and remand this case.

# Facts and Procedural History

[3] In 1997 the State charged Trout with four counts stemming from an incident that occurred at the Clinton County Fairgrounds under Case No. 12C01-9707-CF-065 ("Case No. 65"):

> **Count I attempted murder**
>
> [Trout] on or about the 13th day of July, 1997, in Clinton County, State of Indiana did attempt to commit the offense of Murder by knowingly attempting to kill . . . Kimberly Langkop and in furtherance of that attempt did perform a substantial step toward the commission of that crime by shooting said Kimberly Langkop with a .45 caliber handgun . . . .
>
> **Count II Class D felony criminal recklessness with a deadly weapon**
>
> [Trout] on or about the 13th day of July, 1997, in Clinton County, State of Indiana did recklessly with a deadly weapon, to-wit: .45

caliber pistol, perform an act, to-wit: did shoot a gun into the air; that created a substantial risk of bodily injury to another person . . . .

**Count III Class D felony pointing a firearm**

[Trout] on or about the 13th day of July, 1997, in Clinton County, State of Indiana did knowingly or intentionally point a firearm at another person, to-wit: Charles L. Minnix II . . . .

**Count IV Class D felony pointing a firearm**

[Trout] on or about the 13th day of July, 1997, in Clinton County, State of Indiana did knowingly or intentionally point a firearm at another person, to-wit: Michael Lawson . . . .

Appellant's App. p. 35-38. Following a jury trial in 1998, the jury convicted Trout of Counts II and III and acquitted him of Counts I and IV. *Id.* at 34.

[4] Effective July 1, 2013, the Indiana General Assembly enacted Public Law 159-2013, which codified a new chapter in Indiana Code Title 35, Article 38 entitled, "Chapter 9. Sealing and Expunging Conviction Records." P.L. 159-2013, Sec. 4. This new law allows people convicted of certain crimes to have their records expunged. *Taylor v. State*, 7 N.E.3d 362, 363 (Ind. Ct. App. 2014). There are two general types of expungement available under Chapter 9: mandatory and discretionary. *Compare* Ind. Code § 35-38-9-3 *with* Ind. Code § 35-38-9-5.[1]

[5] Based on the new law, in January 2014 Trout filed a petition to expunge records of his Class D felony convictions for criminal recklessness with a deadly

---

[1] Indiana Code section 35-38-9-5, a section that provides for discretionary expungement, requires the prosecuting attorney to consent in writing. But because the prosecuting attorney here did not consent, we do not review this case under Section 35-38-9-5.

weapon and pointing a firearm in Case No. 65. Appellant's App. p. 7-9. Trout filed his expungement petition according to Indiana Code section 35-38-9-3, which provides for mandatory expungement. When Trout filed his petition, Section 35-38-9-3(e) provided[2]:

> (e) If the court finds by clear and convincing evidence that:
>> (1) the period required by this section has elapsed;
>> (2) no charges are pending against the person;
>> (3) the person does not have an existing or pending driver's license suspension;
>> (4) the person has successfully completed the person's sentence, including any term of supervised release, and satisfied all other obligations placed on the person as part of the sentence; and
>> (5) the person has not been convicted of a crime within the previous eight (8) years;
>
> the court shall order the conviction records described in subsection (c) expunged in accordance with section 6 of this chapter.

Ind. Code Ann. § 35-38-9-3(e) (West Supp. 2013). The State does not dispute that Trout meets these requirements. However, Section 35-38-9-3 does not mandate expungement if the person's conviction resulted in bodily harm to another person:

> (b) This section does not apply to the following:
>> * * * * *
>> (3) *A person convicted of a felony that resulted in bodily injury to another person.*

---

[2] According to *Alvey v. State*, 15 N.E.3d 72, 74 (Ind. Ct. App. 2014), the version of the statute in effect when the expungement petition is filed is controlling. Section 35-38-9-3 was amended effective March 26, 2014, approximately two months after Trout filed his expungement petition.

Ind. Code Ann. § 35-38-9-3(b)(3) (West Supp. 2013) (emphasis added).[3]

[6] The State objected to Trout's expungement petition based on Section 35-38-9-3(b)(3). Specifically, the State argued that according to the probable-cause affidavit from Case No. 65, Trout shot a woman, who suffered bodily injury. Appellant's App. p. 15. Therefore, the State's argument continued, according to subsection (b)(3) Trout's convictions were "ineligible to be expunged." *Id.*

[7] A two-day hearing on Trout's expungement petition was held. At the hearing, defense counsel presented evidence from Case No. 65. The trial court took judicial notice of Case No. 65 and the filings. Tr. p. 15. Trout testified that he discharged the gun on two separate occasions: (1) when he fired warning shots into the air (Count II) and (2) when Kimberly grabbed his gun and it discharged, injuring her (Count I).[4] *Id.* at 14-15. Defense counsel emphasized that no one was injured when Trout shot the gun into the air (Count II) or when Trout pointed the gun at Charles (Count III). *Id.* at 17-18. However, the State argued that it did not matter because Kimberly was shot and injured during the "same episode." *Id.* at 16-17. The trial court framed the issue as whether "we look at the entire sequence of events . . . or just the actual particular charge . . . as it all relates to the bodily injury." *Id.* at 18. The court took the issue under advisement.

---

[3] Subsection (b)(3) is the same under the pre-amended and amended versions of Section 35-38-9-3.

[4] The probable-cause affidavit also identifies two separate shootings. *See* Appellee's App. p. 1.

The trial court later issued an order denying Trout's expungement petition. The court ruled in part:

> 7. That there is no dispute that [Trout's] actions in firing a weapon resulted in bodily injury (and serious bodily injury) to another person. See: Count 1, Affidavit. The question is whether the Court is entitled to look at all of the charges and the facts surrounding the entire sequence of events, or, whether the Court is restricted to looking at only the charges for which [Trout] was convicted. [Trout] argues that Count 2, Criminal Recklessness, was strictly an act of firing a weapon into the air, and, as such, did not result in any type of injury. See: Exhibit A, jury instructions. The State argues that the Court should consider all charges and facts.
>
> 8. That the Court recognizes there is little caselaw from the new expungement statutes. See: *Taylor v. State*, 7 N.E.3d 362 (Ind. Ct. App. 2014), which does not provide guidance for the issues raised herein.
>
> 9. That while the Court recognizes the purpose of the expungement statutes [is] to provide defendants a second chance following a conviction, this Court does not believe it is appropriate to turn a blind eye to the facts of the entire case, i.e.[,] that a person suffered a gunshot wound, to allow for a mandatory expungement under I.C. § 35-38-9-3.
>
> * * * * *
>
> 12. That for the foregoing reasons, the Court does not find that [Trout] has satisfied the requirements under I.C. § 35-38-9-3 . . . .

Appellant's App. p. 3-4.

Trout now appeals.

# Discussion and Decision

Trout contends that the trial court erred in denying his expungement petition because the offenses he was convicted of—Class D felony criminal recklessness

with a deadly weapon and Class D felony pointing a firearm—did not result in bodily injury to another person, as the statute requires. That is, a person is not entitled to mandatory expungement if the "person [was] convicted of a felony *that resulted in bodily injury* to another person." Ind. Code Ann. 35-38-9-3(b)(3) (West Supp. 2013) (emphasis added). The State responds that the statute is clear and unambiguous and that there is "no language which prohibits a trial court from considering the entirety of a petitioner's course of conduct to determine if injury to another occurred." Appellee's Br. p. 3-4.

[11] Interpretation of a statute is a question of law that we review de novo. *Wall v. Plummer*, 13 N.E.3d 420, 422 (Ind. Ct. App. 2014). We must first determine whether the statutory language is clear and unambiguous. *Id.* In interpreting the statute, we will attempt to determine and give effect to the intent of the legislature. *Id.* "The best evidence of legislative intent is surely the language of the statute itself." *Id.* (quotation omitted). We must give all words their plain and ordinary meaning unless otherwise indicated by statute. *Id.* at 422-23.

[12] We find that the language of the statute is clear and unambiguous, and we will not read into it a legislative intent other than that which is clearly stated. Indeed, the State does not cite, nor can we find, any other provision of the statute that supports its interpretation of the statute. In other words, looking at the statute as a whole, this provision does not require a different interpretation. According to the language of the statute, a person is ineligible for mandatory expungement if they were convicted of a felony and that felony resulted in bodily injury to another person. The use of "that" in the statute is a restrictive

clause: "A person convicted of a felony *that resulted in bodily injury to another person*." "A restrictive clause is essential to the grammatical and logical completeness of a sentence." Bryan A. Garner, *Garner's Modern American Usage* 806 (3d ed. 2009). Therefore, the two felonies that Trout was convicted of must have resulted in bodily injury to another person in order for him to be ineligible for mandatory expungement. Trout was convicted of Class D felony criminal recklessness with a deadly weapon and Class D felony pointing a firearm; however, the record shows that neither of these convictions resulted in bodily injury to another person. Therefore, these convictions do not disqualify Trout from mandatory expungement according to Section 35-38-9-3(b)(3). And because this is the only basis upon which the State challenges Trout's petition to expunge records of his Class D felony convictions for criminal recklessness with a deadly weapon and pointing a firearm, we find that the trial court erred in denying Trout's expungement petition.

[13] We understand the State's and the trial court's concern that Trout does not dispute that he shot and injured Kimberly (albeit accidentally) in the same incident that led to his Class D felony convictions for criminal recklessness with a deadly weapon and pointing a firearm. But the *only* charge related to Kimberly's shooting and bodily injury was attempted murder, and Trout was acquitted of this charge following a jury trial. Section 35-38-9-3(b)(3) clearly states that the felony conviction must result in bodily injury to another person. Here, none of Trout's felony convictions resulted in bodily injury to another person. Therefore, facts from the same incident that do not result in a felony

conviction cannot be taken into consideration when determining whether a person is disqualified from expungement according to Section 35-38-9-3(b)(3). We therefore reverse the trial court's denial of Trout's expungement petition and remand this case to the trial court.

Reversed and remanded.

Baker, J., and Riley, J., concur.