FILED

Sep 15 2016, 8:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Chris M. Teagle
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mindy M. Cline,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | September 15, 2016<br><br>Court of Appeals Case No.<br>38A04-1512-XP-2221<br><br>Appeal from the Jay Circuit Court<br><br>The Honorable Brian D.<br>Hutchison, Judge<br><br>Trial Court Cause No.<br>38C01-1510-XP-3 |

**Bailey, Judge.**

## Case Summary

Mindy Cline ("Cline") appeals the denial of her petition for expungement, presenting the sole issue of whether the trial court abused its discretion. We reverse and remand.

## Facts and Procedural History

In 2003, Cline was convicted of Forgery. In 2004, she was convicted of Dealing in Methamphetamine. On October 16, 2015, Cline filed a petition seeking expungement of the records of these convictions. The State did not oppose the petition.

The trial court conducted a hearing on November 12, 2015, at which Cline testified and the State presented no evidence. At the conclusion of the hearing, the trial court took the matter under advisement, stating:

> Well, Ms. Cline, obviously I remember you. I don't have any fond memories of you (inaudible) your criminal behavior. That doesn't mean – that doesn't mean that you should necessarily be deprived of this opportunity but it doesn't mean I'm not going to do this by (inaudible). I'm going to think about it for a while. I'm concerned by the – the offenses you committed. Number one, Forgery, a crime of dishonesty. Number two, dealing methamphetamine. Putting it bluntly, it's a pain in my ass. I have [to] deal with meth and heroin every damn day here and I've – I've had a belly full. I'm not doing favors for people that are causing these problems in Jay County. I'm also concerned by the fact that you've only been out of supervision for five years. And I could turn that around and I could say hey, way to go, you've been out five years and you haven't – haven't messed up. That's what I'm going to think about a little bit. I will rule on it within thirty days.

(Tr. at 12.) On November 13, 2015, the trial court denied the petition for expungement, "based largely on the nature of the convictions, the severity of the offenses, and the relatively short duration since release from probation/parole on the most recent convictions (approx. 5 years)." (App. at 5.) Cline now appeals.

## Discussion and Decision

[4] Indiana Code Section 35-38-9-4 permits persons convicted of certain crimes to have their conviction records expunged. Through the expungement statutes, the "legislature intended to give individuals who have been convicted of certain crimes a second chance" by providing an opportunity for relief from the stigma associated with their criminal convictions. *Taylor v. State*, 7 N.E.3d 362, 367 (Ind. Ct. App. 2014). The expungement statutes are inherently remedial and, as such, should be liberally construed to advance the remedy for which they were enacted. *Brown v. State*, 947 N.E.2d 486, 490 (Ind. Ct. App. 2011), *trans. denied*.

[5] Under Chapter 35-38-9, expungement is not available to sex or violent offenders or persons convicted of official misconduct, homicide offenses, human and sexual trafficking offenses, or sex crimes. *See* I.C. § 35-38-9-3(b); I.C. § 35-38-9-4(b); I.C. § 35-38-9-5(b). For qualifying offenses, the requirements for expungement generally depend on the level of offense of which the person was convicted. Depending on the offense level, expungement may be either mandatory or discretionary. *Key v. State*, 48 N.E.3d 333, 336 (Ind. Ct. App. 2015).

[6] Cline sought relief pursuant to Indiana Code Section 35-3-9-4, applicable to qualified felonies other than Class D or Level 6 felonies. Subsection (e) of that statute provides that the trial court *may* order conviction records expunged if the court finds by a preponderance of the evidence that: (1) the requisite period has elapsed (eight years from the date of conviction or three years from the completion of the sentence, or as shortened by prosecutorial agreement); (2) no charges are pending against the person; (3) applicable fines, costs, and restitution have been paid; and (4) the person has not been convicted of a crime within the previous eight years (or a shorter period with prosecutorial agreement) (emphasis added).

[7] The use of the term "may" in a statute ordinarily implies a permissive condition and a grant of discretion. *Key*, 48 N.E.3d at 337. Thus, the court may, in its discretion, grant an unopposed petition for expungement. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[8] Cline argues that the trial court abused its discretion by relying upon circumstances that are not statutory bars to expungement, specifically, the type of offenses and length of time elapsed. Also, it appears that the trial court may have concluded that Cline had a total of eight convictions, as opposed to two.[1]

---

[1] The petition for expungement and the order thereon reference four counts each of Forgery and Dealing in Methamphetamine. Cline testified – without contradiction and corroborated by an Indiana State Police criminal history exhibit – that she had a single conviction of Forgery and a single conviction of Dealing in Methamphetamine.

According to the State, Cline is simply asking that this Court reweigh the evidence and invade the province of the fact-finder. However, this argument ignores the reality that all evidence presented to the trial court militated toward expungement.

[9] Cline committed her offenses during her youth and has satisfied the statutory prerequisites for expungement. Beyond that, Cline has consistently been employed, and has obtained an Associate's Degree in Business Administration, a CPR license, and a ServSafe certification. She testified that she had been promoted from food server to store management, but lost her job when store owners learned of her criminal record. Cline expressed a desire to return to management, a prospect more feasible with record expungement. The prosecutor offered no evidence or argument in opposition to expungement.

[10] Moreover, we find the trial court's articulation of its evaluative processes to be particularly troubling. Undeniably, methamphetamine and other illicit drugs are a burden upon communities and judicial resources. That said, our Legislature has provided a second chance for individuals who have in the distant past committed drug-related crimes. Although the trial court is granted discretion, this does not extend to disregard of remedial measures enacted by our lawmakers. As previously observed, such statutes should be liberally construed to advance the remedy for which they were enacted. *Brown*, 947 N.E.2d at 490. We conclude that the trial court abused its discretion in denying Cline's petition for expungement.

Reversed and remanded.


Riley, J., concurs.
Barnes, J., dissents with separate opinion.

## IN THE
# COURT OF APPEALS OF INDIANA

Mindy M. Cline,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

Court of Appeals Cause No.
38A04-1512-XP-2221

**Barnes, Judge, dissenting.**

[12]    I respectfully dissent.  Although the commentary from the trial court here was not exactly artful and was unnecessarily harsh, I believe the court was within its discretionary parameters in rejecting Cline's expungement request, with one possible correction.

[13]    As the majority recognizes, the expungement statute for felonies above Class D or Level 6 provides only that a trial court "may" expunge a conviction upon proof of the statutory requirements; it does not mandate expungement.  *See* Ind. Code § 35-38-9-4(e).  Thus, whether to grant Cline's expungement petition was within the trial court's discretion.  *See Key*, 48 N.E.3d at 337.  The statute is silent regarding the factors a trial court may consider in deciding how to

exercise its discretion when ruling on a non-mandatory expungement petition. I see nothing wrong in the trial court here having considered the seriousness of the offenses and the time period since Cline finished her probationary term when ruling on her petition. Additionally, the trial court had face-to-face interaction with Cline that we cannot have. To the extent the majority emphasizes reasons why the expungement petition should have been granted, I believe it is reweighing the evidence and substituting its judgment for the trial court's. Even if the expungement could have been granted on these facts, I do not believe the facts compelled granting it. *See Rouster v. State*, 705 N.E.2d 999, 1005 (Ind. 1999) (noting that when reviewing denial of a discretionary motion, fact that trial court could have granted motion does not necessarily mean court abused its discretion in denying motion).

[14] However, I would send this case back to the trial court for it to clarify how many convictions it believed Cline had. Although Cline originally stated in her expungement petition that she had four convictions for Class C felony forgery and four convictions for Class B felony dealing in methamphetamine, the clear evidence presented at the expungement hearing demonstrated that she only had one conviction each for forgery and dealing in methamphetamine. The trial court's order denying the expungement request erroneously refers to four convictions for each offense. I would remand this case for the trial court to

correct its order in that regard and, if warranted, reconsider its order denying

expungement in light of Cline having only two prior convictions, not eight.[2]

---

[2] It is unclear from the record whether the trial court relied in part on a mistaken belief in the number of Cline's prior convictions when denying her expungement petition.