

ATTORNEY FOR APPELLANT

Adam C. Squiller
Squiller & Hamilton, LLP
Auburn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| W.R., <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | November 1, 2017 <br><br> Court of Appeals Case No. <br> 17A03-1703-XP-571 <br><br> Appeal from the DeKalb Superior Court <br><br> The Honorable Kevin P. Wallace, Judge <br><br> Trial Court Cause No. <br> 17D01-1612-XP-31 |

**May, Judge.**

[1] W.R. appeals the partial denial of his petition for expungement. He asserts the trial court abused its discretion when it refused to expunge his felony convictions. We affirm.

# Facts and Procedural History

[2] On July 7, 1999, W.R. was convicted of two felony charges of dealing drugs. He completed the sentence ordered. On January 16, 2007, W.R. was convicted of misdemeanor operating while intoxicated. On December 16, 2016, W.R. filed a petition for expungement of those convictions and an arrest that did not result in conviction.

[3] On January 24, 2017, the trial court held a hearing on W.R.'s petition. W.R. has worked for a pest control company in Fort Wayne for the last seven years. He now manages the business. Because of his successful completion of probation, the probation department invited him back to speak to youths at a high school. However, due to the felony charges, he is not allowed to personally provide pest control service to some places, such as some of the buildings owned by the City of Fort Wayne. The State did not present evidence or take a position at the hearing.

[4] The trial court granted expungement of the misdemeanor charge and the arrest that did not result in a conviction. The trial court denied W.R.'s petition to expunge the felony convictions because the nature of the convictions, *i.e.,* dealing drugs, might be relevant to businesses deciding whether to exclude persons from their premises.

# Discussion and Decision

[5] The pertinent part of the statute governing W.R.'s expungement petition states:

If the court finds by a preponderance of the evidence that:

> (1) the period required by this section has elapsed;

> (2) no charges are pending against the person;

> (3) the person has paid all fines, fees, and court costs, and satisfied any restitution obligation placed on the person as part of the sentence; and

> (4) the person has not been convicted of a crime within the previous eight (8) years (or within a shorter period agreed to by the prosecuting attorney if the prosecuting attorney has consented to a shorter period under subsection (c));

> the court *may* order the conviction records described in subsection (c) marked as expunged in accordance with section 7 of this chapter. A person whose records have been ordered marked as expunged under this section is considered to have had the persons records expunged for all purposes other than the disposition of the records.

Ind. Code § 35-38-9-4(e) (2015) (emphasis added).[1]

[6] "The term 'may' in a statute ordinarily implies a permissive condition and a grant of discretion." *Tongate v. State*, 954 N.E.2d 494, 496 (Ind. Ct. App. 2011), *reh'g denied, trans. denied.* Thus, the trial court is allowed discretion when deciding whether to grant or deny an expungement petition. *Key v. State*, 48

---

[1] The parties agree W.R. meets the four requirements of subsection 4(e).

N.E.3d 333, 337 (Ind. Ct. App. 2015). W.R. contends the trial court abused that discretion when it denied his petition for expungement. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Conley v. State*, 972 N.E.2d 864, 871 (Ind. 2012), *reh'g denied*.

[7] W.R. cites *Cline v. State*, 61 N.E.3d 360, 360 (Ind. Ct. App. 2016), as being "on all fours with the facts of this case," (Appellant's Br. at 8), such that a denial of his petition is an abuse of discretion, just as it was in *Cline*. The State argues *Cline* is distinguishable for several reasons.

[8] Like W.R., Cline had two felony charges she requested expunged. *Cline*, 61 N.E.3d at 361. Also, like W.R., Cline had led a generally successful life since those convictions. *Id.* at 363. She had "consistently been employed, and ha[d] obtained an Associate's Degree in Business Administration, a CPR license, and a ServSafe certification. She testified that she had been promoted from food server to store management, but lost her job when store owners learned of her criminal record." *Id.* However, in the time between those convictions and her petition, Cline had not committed any more crimes. W.R. has. Although the trial court here ordered W.R.'s misdemeanor conviction be expunged, that very misdemeanor distinguishes W.R.'s case from *Cline*.

[9] Here, the trial court crafted its order specifically taking into consideration the decision in *Cline*. (*See* App. Vol. II at 9-10 (trial court cites to *Cline* regarding the remedial measures of the pertinent statute and the amount of discretion the

trial court is allowed).) In *Cline*, we held the "trial court's articulation of its evaluative processes to be particularly troubling."[2] *Cline*, 61 N.E.3d at 363. Additionally, it "appear[ed] that the trial court may have concluded that Cline had a total of eight convictions, as opposed to two." *Id.*

[10] That troubling articulation together with the ambiguity surrounding the evidence the court used to come to its decision led us to hold the trial court abused its discretion when it denied Cline's petition. Here, though, the trial court was not combative in its speech and did not misconstrue the convictions to be expunged. The nature of the trial court's order of denial of W.R.'s expungement petition is wholly different from the "troubling" language used by the trial court in *Cline*. *Cline*, 61 N.E.3d at 363.

[11] That fact, together with the later conviction for operating while intoxicated, leads us to hold the trial court did not improperly exercise its discretion. *See Rouster v. State*, 705 N.E.2d 999, 1005 (Ind. 1999) (holding a trial court's ability

---

[2] At Cline's expungement hearing, the trial court stated:

> Well, Ms. Cline, obviously I remember you. I don't have any fond memories of you (inaudible) your criminal behavior. That doesn't mean - that doesn't mean that you should necessarily be deprived of this opportunity but it doesn't mean I'm not going to do this by (inaudible). I'm going to think about it for a while. I'm concerned by the - the offenses you committed. Number one, Forgery, a crime of dishonesty. Number two, dealing methamphetamine. Putting it bluntly, it's a pain in my ass. I have [to] deal with meth and heroin every damn day here and I've – I've had a belly full. I'm not doing favors for people that are causing these problems in Jay County. I'm also concerned by the fact that you've only been out of supervision for five years.

> And I could turn that around and I could say hey, way to go, you've been out five years and you haven't – haven't messed up.

> That's what I'm going to think about a little bit. I will rule on it within thirty days.

*Cline v. State,* 61 N.E.3d 360, 361-62 (Ind. Ct. App. 2016).

to grant a motion does not mean denial was an abuse of discretion), *reh'g denied*. To do otherwise is to reweigh the evidence and substitute our judgment for that of the trial court. *See Jones v. State*, 62 N.E.3d 1205, 1208 (Ind. Ct. App. 2016) (it is improper to substitute appellate judgment for that of the trial court when reviewing for abuse of discretion). Accordingly, we conclude the trial court did not abuse its discretion in partially denying W.R.'s petition for expungement, and we affirm its decision.

Affirmed.

Barnes, J., and Bradford, J., concur.