FILED

Oct 17 2018, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT PRO SE

Thomas A. DeCola
North Judson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas A. DeCola,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

October 17, 2018

Court of Appeals Case No.
18A-MI-732

Appeal from the Jasper Superior
Court

The Honorable Russell D. Bailey,
Judge

Trial Court Cause No.
37D01-1802-MI-81

**Baker, Judge.**

[1] Thomas DeCola appeals the trial court's order denying his request to expunge any and all records pertaining to a school suspension. DeCola also argues that he was improperly denied a jury trial. Finding no error, we affirm.

# Facts

[2] DeCola was suspended from Kankakee Valley High School in 2001; because of this, his driving privileges were subsequently suspended.[1] DeCola regained his driving privileges in 2002.

[3] On February 6, 2018, DeCola petitioned the trial court to expunge any and all records pertaining to his 2001 school suspension. On February 13, 2018, the trial court denied the petition to expunge. Shortly thereafter, on February 20, 2018, DeCola filed a new expungement petition and a motion to correct error.

[4] At a hearing on March 8, 2018, the trial court denied both the new petition to expunge and the motion to correct error. At the hearing, the trial court made clear that DeCola could not identify any relevant statute as a basis for his claim. DeCola now appeals.

---

[1] Ind. Code § 9-24-2-4(a).

# Discussion and Decision

[5] DeCola presents two arguments on appeal: (1) the trial court erred when it denied his request to expunge any and all records pertaining to his 2001 school suspension; and (2) he was entitled to a jury trial.

[6] We reverse a lower court's ruling denying a petition to expunge only where the decision is clearly against the logic and effect of the facts and circumstances before it. *Cline v. State*, 61 N.E.3d 360, 362 (Ind. Ct. App. 2016).

[7] First, DeCola's claim that the trial court improperly denied his petition to expunge the school suspension from his record is totally without merit. The Indiana Code does not allow for an individual to have a school suspension expunged from his records. Rather, expungement as a remedy is limited to criminal arrests and convictions. Ind. Code § 35-38-9-2(-5). DeCola would have us act as legislators and add school suspension to the list of penalties capable of being expunged, which we may not do. Any collateral argument that DeCola makes based on precedent and *stare decisis* is equally unfounded and without any merit. We hold that the trial court did not err in denying DeCola's amended petition for expungement of the school suspension from his records.

[8] Second, DeCola's claim that the trial court erred when it did not conduct a jury trial fails as a matter of substance. Indiana Trial Rule 38(A) specifies that "[a]ny party may demand a trial by jury of any issue *triable of right by a jury*." (Emphasis added). Historically, the only issues that were deemed triable by a

jury were those available at common law. *Cardinal Health Ventures, Inc. v. Scanameo*, 85 N.E.3d 637, 640 (Ind. Ct. App. 2017). The common law era predates modernity, and it has been the province of today's courts to determine whether a particular claim would have been legal or equitable. *Id.* Generally, claims which were equitable rather than legal in nature were tried by a court rather than by a jury. *Lewandowski v. Beverly*, 420 N.E.2d 1278, 1282 (Ind. Ct. App. 1981). Therefore, if the issue was equitable rather than legal at common law, there was no right to a jury since it was the court that evaluated and granted relief for such claims. That standard persists today as is evidenced by the language in Indiana Trial Rule 38(A).

[9] While there is no Indiana case that directly establishes expungement as an equitable or legal remedy, the language of Indiana's expungement statutes provides sufficient clarity. In every expungement statute, the *court* is responsible for finding that expungement is an available remedy, and subsequently, the *court* is the body responsible for granting that remedy. Ind. Code §§ 35-38-9-2(e), -3(e), -4(e), -5(e). Thus, the General Assembly clearly established a statutory framework in which the court, rather than a jury, would be tasked with evaluating and ruling on requests for expungement. It follows that expungement would have been deemed an equitable rather than a legal remedy. Because expungement was not triable by a jury at common law, we hold that petitioners seeking expungement are not entitled to a jury trial. Consequently, DeCola's argument that he be afforded a jury trial is without merit.

The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.