## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 17 2018, 8:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jonathon M. Berbari
Jay Chaudhary
Nick Parker
Indiana Legal Services, Inc.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

D.B.,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

October 17, 2018

Court of Appeals Case No.
18A-XP-352

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge
The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause No.
49G03-1610-XP-37137

**Baker, Judge.**

[1]     D.B. appeals the trial court's denial of her petition to expunge her Class C felony conviction for battery resulting in serious bodily injury. Finding no error, we affirm.

[2]     In 1991, D.B. engaged in an altercation with her supervisor at work; she hit her supervisor with her fist and caused an injury. In 1992, she was convicted of Class C felony battery resulting in serious bodily injury. D.B. completed the imposed sentence.

[3]     On October 18, 2016, D.B. filed a petition to expunge her Class C felony conviction under Indiana Code section 35-38-9-5.[1] On November 7, 2016, the State objected to the expungement of this conviction, stating that D.B. did not have the written consent of the prosecutor as required by Indiana Code section 35-38-9-5(e)(5).

[4]     An evidentiary hearing took place on November 17, 2017. D.B. explained what occurred during her confrontation with her supervisor; that she was later diagnosed with mental health issues for which she receives treatment; that she has learned how to address problems without resorting to physical altercations; and that she is gainfully employed. A care coordinator from the health facility from which D.B. receives treatment testified that D.B. is compliant with her treatment sessions and has rehabilitated herself. At the end of the hearing, the

---

[1] D.B. also petitioned to expunge two other convictions. The trial court granted those expungements and they are not at issue here.

State indicated that if it did not file a written response within thirty days, then the trial court should consider the State to have provided the statutory consent. The State did not file any written indication of consent.

[5] On January 29, 2018, the trial court denied D.B.'s petition to expunge this conviction, noting that "[a] review of the file shows the victim of the offense suffered a ruptured spleen which required surgery." Appellant's App. Vol. II p. 13.

[6] D.B.'s sole argument on appeal is that the trial court erred by denying her petition to expunge her conviction for Class C felony battery resulting in serious bodily injury. We reverse a lower court's ruling denying a petition to expunge only where the decision is clearly against the logic and effect of the facts and circumstances before it. *Cline v. State*, 61 N.E.3d 360, 362 (Ind. Ct. App. 2016).

[7] Indiana Code section 35-38-9-5 governs the expungement of conviction records for a person convicted of a felony that resulted in serious bodily injury to another person. The statute provides that:

> (e) If the court finds by a preponderance of the evidence that:
>
> > (1) the period required by this section has elapsed;
> >
> > (2) no charges are pending against the person;
> >
> > (3) the person has paid all fines, fees, and court costs, and satisfied any restitution obligation placed on the person as part of the sentence;

> (4) the person has not been convicted of a crime within the previous ten (10) years (or within a shorter period agreed to by the prosecuting attorney if the prosecuting attorney has consented to a shorter period under subsection (c)); and
>
> (5) the prosecuting attorney has consented in writing to the expungement of the person's criminal records;
>
> the court *may* order the conviction records . . . marked as expunged . . . .

Ind. Code § 35-38-9-5(e) (emphasis added). The use of the term "may" in a statute ordinarily implies a permissive condition and a grant of discretion. *Cline*, 61 N.E.3d at 362. Therefore, a court may, in its discretion, grant an unopposed petition for expungement. *Id.*

[8] As D.B. points out, the statute authorizes expungement for people who committed felonies resulting in serious bodily injury. D.B. argues that the trial court misconstrued the statute and disregarded the legislature's intent that these convictions could be expunged when the trial court denied D.B.'s petition because she had committed a felony that resulted in serious bodily injury. In other words, D.B. argues that the trial court erred by relying upon a circumstance that is not a statutory bar to expungement.

[9] D.B.'s argument overlooks the statute's use of the word "may." The statute does not require a trial court to grant a petition for expungement when the requirements of subsection 5(e) are met; instead, it gives the trial court

discretion to do so. Here, the trial court did not categorically deny D.B.'s petition for expungement simply because she had committed a felony that resulted in serious bodily injury. Rather, the trial court considered the seriousness of D.B.'s offense and exercised its discretion, determining that because the victim of D.B.'s crime "suffered a ruptured spleen which required surgery," appellant's app. vol. II p. 13, D.B.'s petition to expunge this conviction should be denied.

[10] D.B. argues that *Cline* should govern the outcome of the instant case. In that case, Cline had two felony convictions, one for forgery and one for dealing in methamphetamine, that she petitioned for expungement. Since those convictions, Cline had generally been successful in life, maintaining employment and obtaining a degree, and did not commit any crimes between the time of those convictions and her petition to expunge them. *Cline*, 61 N.E.3d at 362. D.B.'s case is distinguishable from *Cline*, however, because following her Class C felony conviction, D.B. was convicted of misdemeanor possession of marijuana.[2] Appellant's App. Vol. II p. 16. In other words, whereas Cline was able to stay out of legal trouble between the time of her felony convictions and petition for expungement, D.B. was not, and her "misdemeanor distinguishes [her] case from *Cline*." *W.R. v. State*, 87 N.E.3d

---

[2] D.B. was convicted of this misdemeanor on January 3, 2006, more than ten years before she filed her petition to expunge her Class C felony conviction.

30, 32 (Ind. Ct. App. 2017). In sum, the trial court did not err by denying D.B.'s petition to expunge her Class C felony conviction.

[11]     The judgment of the trial court is affirmed.


May, J., and Robb, J., concur.