

FILED

Feb 19 2020, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Brian J. Allen
Sunman, Indiana

ATTORNEY FOR *AMICUS CURIAE*
INDIANA UNIVERSITY ROBERT H.
MCKINNEY SCHOOL OF LAW
CIVIL PRACTICE CLINIC

Carrie A. Hagan
Director, Civil Practice Clinic
Indianapolis, Indiana

Sherell Scott
Elizabeth Whitaker
Grace Dillow
Haylie McCracken
Katherine Bender
Natalie Gaynier
Certified Legal Interns

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian J. Allen,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

February 19, 2020

Court of Appeals Case No.
19A-XP-1013

Appeal from the Dearborn Superior
Court

The Honorable James D. Humphrey,
Special Judge

Trial Court Cause No.
15D01-1811-XP-44

**Bailey, Judge.**

# Case Summary

Brian J. Allen ("Allen") appeals the trial court's denial of his request for expungement of his criminal record pursuant to Indiana Code Section 35-38-9-4. The only issue he raises on appeal is whether the trial court erred when it denied his request.

We reverse.

# Facts and Procedural History

On November 5, 2018, Allen filed a petition in which he sought expungement of a conviction for conspiracy to commit burglary, as a Class B felony,[1] that had resulted from Allen's conspiracy with three friends to burglarize the home of Larry and Judith Pohlgeers in 2002. Allen was nineteen years old at the time. One of his three friends "scoped out" the Pohlgeers's home on August 4, 2002. App. at 20. The next day the four men drove in Allen's car from Harrison, Ohio, to West Harrison, Indiana, in order to commit the burglary. They brought along a lead pipe wrapped in electrical tape. When they arrived at the Pohlgeers's home, Allen and another man waited outside the home as "lookouts," *id*. at 20, while the two other men entered the house. The men who

---

[1] Ind. Code § 35-43-2-1(1)(B)(i) (2003); I.C. § 35-41-5-2.

entered the house hit Larry Pohlgeers on the head repeatedly with the lead pipe, and also hit Judith Pohlgeers with the pipe.

[4] The State initially charged Allen with six counts: Count I: attempted robbery, as a Class A felony;[2] Count II: conspiracy to commit robbery, as a Class A felony;[3] Count III: burglary, as a Class A felony;[4] Count IV: conspiracy to commit burglary, as a Class A felony;[5] Count V: aggravated battery, as a Class B felony;[6] and Count VI: battery with a deadly weapon, as a Class C felony.[7] As a result of plea negotiations, the State added a seventh count, i.e., Class B felony conspiracy to commit burglary, and Allen pled guilty to that charge on December 19, 2003. The other six counts against Allen were dismissed as part of the plea agreement. Allen was sentenced to sixteen years with eight years suspended for his Class B felony conviction, and his sentence was later modified to probation.

[5] Allen served thirty-four months of incarceration and was placed on probation on July 15, 2005. Allen successfully completed probation and was released from it on October 9, 2015. On November 5, 2018, Allen filed a petition

---

[2] I.C. § 35-42-5-1 (2003); I.C. § 35-41-5-1; I.C. § 35-41-2-4.

[3] I.C. § 35-42-5-1; I.C. § 35-41-5-2.

[4] I.C. § 35-43-2-1(2); I.C. § 35-41-2-4.

[5] I.C. § 35-43-2-1(2); I.C. § 35-41-5-2.

[6] I.C. § 35-42-2-1.5.

[7] I.C. § 35-42-2-1(a)(3).

seeking expungement of his conviction for conspiracy to commit burglary, as a Class B felony, and noting that he had no additional convictions. At the April 1 hearing on Allen's petition, the State did not oppose the petition; however, it noted that it was "somewhat unclear as to whether or not [Allen] is eligible" for expungement because "serious bodily injury during the course of that crime did occur." Tr. at 30-31.

[6] Neither Mr. or Mrs. Pohlgeers attended the expungement hearing. Larry Pohlgeers had passed away but, at Allen's 2005 sentence modification hearing, Mr. Pohlgeers had stated: "I believe [Allen]'s served his time. Uh, I think he should be given a break, let him go. He's learned his lesson." *Id.* at 4. Judith Pohlgeers was suffering from Alzheimer's disease at the time of the expungement hearing; however, as the State noted, Judith Pohlgeers had informed a victims' advocate that she "was in agreement with Mr. Allen's conviction being expunged in this matter." *Id.* at 31.

[7] At the conclusion of the hearing, the trial court noted that, based on his review of the case file, "it was bad. And I think it was real bad." *Id.* at 33. The court denied Allen's petition for expungement in an order dated April 11, 2019. This appeal ensued.

# Discussion and Decision

[8] Allen sought expungement of his conviction pursuant to Indiana Code Section 35-38-9-4. That statute gives a trial court discretion to grant relief to qualified

felons, other than Class D or Level 6 felons,[8] when it finds, by a preponderance of the evidence, that: (1) the requisite period has elapsed (eight years from the date of conviction or three years from the completion of the sentence, or as shortened by prosecutorial agreement); (2) no charges are pending against the person; (3) applicable fines, costs, and restitution have been paid; and (4) the person has not been convicted of a crime within the previous eight years (or a shorter period with prosecutorial agreement). I.C. § 35-38-9-4(c), (e) (2018).

[9] We review a trial court's decision under the statute for an abuse of discretion, which occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Cline v. State*, 61 N.E.3d 360, 362 (Ind. Ct. App. 2016). Here, it is undisputed that Allen meets the qualifications for expungement listed in subsections (c) and (e) of the statute. That is: it has been more than eight years since his conviction; he has no criminal charges pending against him; he has paid all fines, costs, and restitution; and he has not been convicted of any other crime since his 2003 conviction. The parties' only dispute is whether Allen is ineligible for expungement under subsection (b)(3) of the statute which excludes persons "convicted of a felony that resulted in serious bodily injury to another person." I.C. § 35-38-9-4(b)(3). The trial court apparently held,[9] and

---

[8] Indiana Code Section 35-38-9-3 governs expungement for Class D or Level 6 felons. A trial court *must* grant expungement for felons who qualify under that statute, whereas trial courts have discretion to grant or deny expungement for felons who qualify under Indiana Code Section 35-38-9-4.

[9] The trial court order denying expungement did not state the court's reasoning. However, from the remarks the trial court made at the hearing, it appears the expungement was denied due to the "bad" facts that the Pohlgeers were injured at the time of the crime. Tr. at 33.

the State maintains, that Allen is ineligible because the facts surrounding the incident that resulted in his conviction included serious bodily injury to the Pohlgeers. Allen and *amicus curiae* [10] contend that Allen is eligible because the crime of which he was convicted did not include serious bodily injury.

[10] Where the interpretation of a statute is at issue, our review is de novo. *Taylor v. State*, 7 N.E.3d 362, 365 (Ind. Ct. App. 2014). If the language of a statute is unambiguous, we apply the plain meaning of its words and phrases. *Id*. However, if the statute is subject to more than one interpretation, "it is deemed ambiguous and open to judicial construction." *Id*. When interpreting an ambiguous statute, we "attempt to determine and give effect to the intent of the legislature" while "read[ing] provisions of a statute together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute." *Id*. (quotations and citations omitted).

[11] By enacting the expungement statutes, the legislature intended to give individuals who have been convicted of certain crimes a second chance by providing an opportunity for relief from the stigma associated with their criminal convictions. *Cline*, 61 N.E.3d at 362. Because the expungement statutes are inherently remedial, they should be liberally construed to advance the remedy for which they were enacted. *Id*.

---

[10] We granted the motion of the Indiana University Robert H. McKinney School of Law Civil Practice Clinic to appear as *amicus curiae* and submit an appellate brief.

[12]    In *Trout v. State*, we addressed the meaning of the statutory language in Indiana Code Section 35-38-9-3 that, like Indiana Code Section 35-38-9-4, excludes from expungement eligibility any "person convicted of a felony that resulted in bodily injury to another person."[11] 28 N.E.3d 267, 271 (Ind. Ct. App. 2015). We held that the language of the statute is "clear and unambiguous." *Id.* We noted that "[t]he use of 'that' in the statute is a restrictive clause," which renders the meaning of the statute clear: "facts from the same incident that do not result in a felony conviction cannot be taken into consideration when determining whether a person is disqualified from expungement." *Id.* Thus, where the defendant in *Trout* was acquitted of the only charge related to bodily injury, i.e., attempted murder, and was convicted only of the non-violent Class D felonies of criminal recklessness with a deadly weapon and pointing a firearm, we held the trial court erred in denying the expungement petition. *Id.* at 272.

[13]    Here, the charges against Allen that involved bodily injury were all dismissed under the plea agreement. Allen was only convicted of conspiracy to commit burglary under subsection (1)(B) of Indiana Code Section 35-43-2-1, i.e., breaking and entering the dwelling of another. He was not convicted under subsection (2) of the burglary statute, i.e., breaking and entering the building or structure of another that results in bodily injury or serious bodily injury.

---

[11] The applicable language in each statute is identical.

Because Allen was not "convicted of a felony that resulted in serious bodily injury to another person," he cannot be excluded from eligibility for expungement on that basis. I.C. § 35-38-9-4(b)(3); *Trout*, 28 N.E.3d at 271-72. And since that was the only apparent basis for the trial court's denial of Allen's request for expungement, the trial court was in error. *See Cline*, 61 N.E.3d at 363 (noting that, "[a]lthough the trial court is granted discretion, this does not extend to disregard of remedial measures enacted by our lawmakers" for the purpose of "provid[ing] a second chance for individuals who have in the distant past committed" crimes); *see also Burton v. State*, 71 N.E.3d 24, 25 (Ind. Ct. App. 2017) (noting remedial expungement statutes should be liberally construed to advance the remedy for which they were enacted).

[14] We reverse.

Najam, J., and May, J., concur.