



FILED

Dec 22 2020, 3:05 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-XP-506

## Brian J. Allen
*Appellant (Petitioner),*

—v—

## State of Indiana
*Appellee (Respondent).*

Decided: December 22, 2020

Appeal from the Dearborn Superior Court,
No. 15D01-1811-XP-44
The Honorable James D. Humphrey, Special Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 19A-XP-1013

**Opinion by Justice Goff**

Chief Justice Rush and Justices David, Massa, and Slaughter concur.

**Goff, Justice.**

Our legislature provided a mechanism by which people convicted of certain crimes can obtain a fresh start by seeking expungement of those convictions. For certain minor convictions, expungement is mandatory if the petitioner meets certain criteria. For more serious convictions, the trial court retains the discretion to determine whether the circumstances warrant an expungement. Courts considering whether to grant a discretionary expungement are tasked with looking at the unique facts of each case to determine whether the individual has demonstrated that his case merits a fresh start.

The defendant here challenges the trial court's decision to deny his petition for expungement, contending that the court erroneously determined that he was ineligible for expungement. Because the trial court may have denied the petition on the erroneous belief that Indiana Code section 35-38-9-4(b)(3) rendered the defendant ineligible for expungement, we reverse and remand for further consideration consistent with this opinion.

## Factual and Procedural History

In 2002, nineteen-year-old Brian J. Allen accompanied three of his friends to burglarize the home of Larry and Judith Pohlgeers in West Harrison, Indiana. Upon arriving, Allen and another man remained outside, keeping watch as their confederates—armed with a lead pipe—broke into the residence. At some point during the burglary, the men who entered the home struck Larry Pohlgeers repeatedly on the head with their cudgel, causing serious bodily injury to their victim.

The State charged Allen with six counts: Class A felony attempted robbery, I.C. § 35-42-5-1 (1998), I.C. § 35-41-5-1, I.C. § 35-41-2-4; Class A felony conspiracy to commit robbery, I.C. § 35-42-5-1, I.C. § 35-41-5-2; Class A felony burglary, I.C. § 35-43-2-1(2) (Supp. 2002), I.C. § 35-41-2-4; Class A felony conspiracy to commit burglary, I.C. § 35-43-2-1(2), I.C. § 35-41-5-2; Class B felony aggravated battery, I.C. § 35-42-2-1.5; and Class C felony battery with a deadly weapon, I.C. § 35-42-2-1(a)(3). The State

ultimately dismissed the six original counts in exchange for Allen agreeing to plead guilty to Class B felony conspiracy to commit burglary. *See* I.C. § 35-43-2-1(1) (Supp. 2002), I.C. § 35-41-5-2.

Allen was sentenced to sixteen years of imprisonment. He later sought and received a modification of his sentence. Allen was placed on probation after serving just over thirty-four months of incarceration. He completed all the terms of his probation without any violations. After waiting the required three years, Allen, who had no prior criminal history, petitioned for expungement under Indiana Code section 35-38-9-4 (the Permissive Expungement Statute).

At the hearing on his petition, the court heard testimony from Allen on his commitment to work and to his wife and two children. The expungement, he testified, would permit him to advance his career, to "do a better job of being able to provide for [his] family," and to teach his children responsibility. Tr. Vol. I, p. 15. The court also admitted into evidence letters of recommendation from Allen's brother-in-law, his coworker, and a doctor—each of whom attested to Allen's good character and strong work ethic. And while neither of the Pohlgeers attended the expungement hearing, the court considered their testimony from other sources. Larry Pohlgeers, who had passed away, opined at an earlier sentence-modification hearing that Allen "should be given a break" since he'd "learned his lesson." *Id.* at 4. For her part, Judith Pohlgeers informed a victims' advocate that she "was in agreement with Mr. Allen's conviction being expunged in this matter." *Id.* at 31.

Allen admitted at the hearing that Larry Pohlgeers had suffered serious bodily injury as a result of the burglary. Because of his admission, and because the Permissive Expungement Statute exempts convictions of crimes resulting in serious bodily injury, the State expressed doubt as to whether Allen was eligible for expungement. The trial court denied the petition for expungement without explaining its reasoning.

In a unanimous, published opinion, the Court of Appeals reversed. *Allen v. State*, 142 N.E.3d 488, 491 (Ind. Ct. App. 2020). The panel held that the trial court had improperly interpreted the Permissive Expungement Statute and, because the crime of which Allen was convicted didn't result

in serious bodily injury, the trial court improperly denied his petition for expungement. *Id.*

The State sought transfer, which we granted, thereby vacating the Court of Appeals opinion. *See* Ind. Appellate Rule 58(A)(2).

## Standard of Review

The Court ordinarily reviews the denial of a petition for expungement under the Permissive Expungement Statute for abuse of discretion. *See Cline v. State*, 61 N.E.3d 360, 362 (Ind. Ct. App. 2016) ("The use of the term 'may' in a statute ordinarily implies a permissive condition and a grant of discretion."). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id.* Where, as here, the interpretation of a statute is at issue, we apply a *de novo* standard of review. *State v. Int'l Bus. Machines Corp.*, 964 N.E.2d 206, 209 (Ind. 2012). Under this standard, the goal is to determine and give effect to the legislature's intent. *Indiana Alcohol & Tobacco Comm'n v. Spirited Sales, LLC*, 79 N.E.3d 371, 376 (Ind. 2017). If the language of a statute is unambiguous, we apply the plain meaning of its words and phrases. *Id.* We are mindful both of what a statute says and what it does not say and we "may not add new words to a statute which are not the expressed intent of the legislature." *Id.*

## Discussion and Decision

Indiana Code chapter 35-38-9 governs the sealing and expungement of a person's conviction records. Under the Permissive Expungement Statute, a trial court may order conviction records expunged if the court finds by a preponderance of the evidence that (1) the requisite period has elapsed (eight years from the date of conviction or three years from the completion of the sentence); (2) no charges are pending against the person; (3) the applicable fines, costs, and restitution have been paid; and (4) the person has not been convicted of a crime within the previous eight years (or a shorter period agreed to by the prosecutor). I.C. § 35-38-9-4(e). However, the Permissive Expungement Statute expressly does not apply

(i.e., a conviction may not be expunged) if the felony "resulted in serious bodily injury to another person." I.C. § 35-38-9-4(b)(3) (the SBI Exclusion).

## I. Allen was eligible for expungement.

There's no question that Allen met all of the conditions in subsection 4(e) of the Permissive Expungement Statute. The only question is whether his conviction for Class B felony conspiracy to commit burglary (the crime for which he stood convicted) is eligible or ineligible for expungement under the SBI Exclusion. Allen and *Amicus Curiae* argue that, because that crime resulted in **no** serious bodily injury to another person, the trial court erred by denying his motion.[1] The State, on the other hand, argues that the SBI Exclusion renders Allen ineligible for expungement because the facts incidental to his conviction involved serious bodily injury.

Our appellate courts haven't directly addressed whether the SBI Exclusion in the Permissive Expungement Statute prohibits expungement when the elements of the crime of conviction don't include serious bodily injury. However, the Court of Appeals has addressed a similar situation with reference to mandatory expungements under Indiana Code section 35-38-9-3 (the Mandatory Expungement Statute). Like the Permissive Expungement Statute, the Mandatory Expungement Statute excludes from eligibility a "person convicted of a felony that resulted in bodily injury to another person." I.C. § 35-38-9-3(b)(3). In *Trout v. State*, the Court of Appeals held that, because "that" is a restrictive clause, the felony of conviction must have resulted in bodily injury to another person. 28 N.E.3d 267, 271 (Ind. Ct. App. 2015).

The logic of *Trout* applies with equal force in this case. The phrasing of the statutes calls for the same result: a person may be eligible for expungement unless the felony for which he stands convicted resulted in serious bodily injury to another person. That the facts of the incident

---

[1] Allen proceeded pro se before the Court of Appeals. When the State filed its Petition for Transfer, Allen didn't respond. *Amicus Curiae*, who also filed a brief in support of Allen before the Court of Appeals, filed a response to the State's petition.

leading to the conviction show serious bodily injury is not enough to exclude a person from eligibility for expungement.

Still, the State contends that this Court should interpret the SBI Exclusion such that the trial court may consider the underlying facts of the criminal activity, rather than just the elements of the offense. The State argues that this interpretation isn't a novel one, citing to *White v. State*, 961 N.E.2d 54 (Ind. Ct. App. 2012), *trans. denied*. In *White*, the Court of Appeals held that the trial court could consider the facts of the underlying crime to determine if the defendant was a credit-restricted felon.[2] *Id.* at 56–57. But unlike the credit-restricted-felon statute, the expungement statutes are "inherently remedial," so courts must construe them liberally to accomplish their remedial purpose. *See Cline*, 61 N.E.3d at 362. The State also argues that if we interpret the Permissive Expungement Statute in this manner, prosecutors will be less likely to give favorable plea offers. But this policy argument cannot overcome the text of the statute. *See e.g.*, *Booker, Inc. v. Morrill*, 639 N.E.2d 358, 361 (Ind. Ct. App. 1994).

While Allen was charged with crimes that involved bodily injury to another person (e.g., aggravated battery and battery with a deadly weapon), those charges were dismissed when he pled guilty to conspiracy to commit burglary. Conspiracy to commit burglary doesn't result in bodily injury to another person.[3] Allen isn't excluded from eligibility for expungement under the SBI Exclusion because he wasn't "convicted of a felony that resulted in serious bodily injury to another person." I.C. § 35-38-9-4(b)(3).

The fact that Allen was eligible for expungement doesn't end the inquiry, however, because, unlike the Mandatory Expungement Statute at

---

[2] The credit-restricted-felon statute limits the amount of good time credit the defendant receives while imprisoned for a crime or confined awaiting trial or sentencing. I.C. § 35-50-6-3.1; I.C. § 35-50-6-4.

[3] Allen was convicted of conspiracy to commit burglary under Indiana Code Section 35-43-2-1(1)(B), which involves breaking and entering the dwelling of another. He was not convicted under Indiana Code Section 35-43-2-1(2), which is breaking and entering the building or structure of another **that results in bodily injury or serious bodily injury**.

issue in *Trout*, the Permissive Expungement Statute vests discretion in the trial court to deny expungement.

## II. A trial court evaluating an expungement petition may consider facts incident to the conviction, but the trial court here gave us nothing to go on.

The trial court didn't indicate why it denied Allen's petition for expungement. At the hearing on the petition, the State questioned whether Allen was eligible, leaving the court itself in doubt.[4] In the order denying Allen's petition, the trial court found "in its discretion" that the petition should be denied, but the court didn't discuss the basis of its decision. App. Vol. 1 p. 15.

### A. A trial court may consider facts incident to the conviction when evaluating an expungement petition.

Expungement statutes manifest an intent to grant relief from stigma associated with criminal convictions. *Cline*, 61 N.E.3d at 362. Indiana courts generally construe expungement statutes liberally to advance the remedy for which they were enacted. *Id*. However, the legislature also clearly recognized that some convictions require a more detailed examination before they are expunged. Unlike under the Mandatory Expungement Statute, the Permissive Expungement Statute vests in the trial court the discretion to either grant or deny a petition for expungement. This grant of discretion necessarily requires the court to engage in a fact-intensive inquiry to determine whether the circumstances of the case warrant expungement of the conviction. In short, the statute recognizes the possibility that the crime might be too serious to expunge.

---

[4] During its closing argument, the State said "regarding the first issue of whether or not Mr. Allen is eligible for expungement, I think this is a matter that is purely one of the law and I'm leaving up to the Court to decide. I think, however, it is somewhat unclear as to whether or not he is eligible." Tr. at 30.

In other cases, the same crime might be a serious but isolated event and the petitioner might prove deserving of a second chance. *See, e.g.*, *Cline*, 61 N.E.3d at 363 (reversing the denial of expungement where the petitioner had obtained advanced education and been promoted at work).

Relying on *Cline*, *Amicus Curiae* argues that a trial court shouldn't be able to consider the facts of the incident that didn't lead to a conviction at the discretionary stage. *Cline* held that the trial court abused its discretion in denying the petition for expungement when the only evidence militating against expungement was the type of offense and the time that had elapsed between the offense and the petition. 61 N.E.3d at 363. But the *Cline* court's reading is inconsistent with the language of the Permissive Expungement Statute, which gives discretion to the trial court without listing any factors to inform the court's consideration. *See* I.C. § 35-38-9-4(e). In other words, a trial court, when deciding whether to exercise its discretion, is not prohibited from considering the facts of the incident leading to the conviction—even if the conviction itself doesn't require proof of those facts.

## B.  A trial court should first determine whether the conviction is eligible for expungement and then whether it merits expungement.

Because the Permissive Expungement Statute excludes from eligibility persons convicted of certain offenses, but vests in the court discretion to either grant or deny a petition, a trial court should engage in a two-step process when considering a petition for expungement. First, a court must determine whether the conviction is eligible for expungement and the petitioner has met the requirements. I.C. §§ 35-38-9-4(b), -4(e). If the conviction is ineligible, the inquiry ends there. But if the court determines that the conviction is eligible for expungement, it must then collect enough information to determine whether it should grant or deny the petition. In issuing its decision, a trial court may consider a broad array of information, including the nature and circumstances of the crime and the character of the offender. In this case, significant evidence supported Allen's petition: testimony about his role as a committed father, husband,

and provider; letters of recommendation from family, friends, and co-workers; and support from the victims themselves. The trial court, however, didn't articulate its reasons for denying Allen's petition for expungement. And because the trial court in this case did not articulate why it denied Allen's petition, we're unable to determine what consideration the court gave the evidence presented at the hearing or if it entirely failed to consider the evidence favoring expungement based on a mistaken belief that Allen was ineligible for expungement.

## Conclusion

For these reasons, we reverse the trial court's order denying Allen's petition for expungement and remand with instructions for the court to reconsider its decision consistent with this opinion.

Rush, C.J., and David, Massa, and Slaughter, JJ., concur.

APPELLANT PRO SE
Brian J. Allen
Sunman, Indiana

ATTORNEYS FOR AMICUS CURIAE
INDIANA UNIVERSITY ROBERT H.
MCKINNEY SCHOOL OF LAW CIVIL
PRACTICE CLINIC
Carrie Hagen
Director, Civil Practice Clinic
Indianapolis, Indiana

Sherell Scott
Elizabeth Whitaker
Malorie Palmer
Grace Dillow
Natalie Gaynier
Katherine Bender
Certified Legal Interns

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Stephen R. Creason
Deputy Attorneys General
Indianapolis, Indiana